## ALVERSON V. BELL.

1. OBJECTIONS TO DEPOSITIONS IN APPELLATE COURT. An objection to a deposition, other than for incompetency or irrelevancy, will not be considered by the appellate court when it was not made before the deposition was offered in evidence in the court below.

*Appeal from Benton District Court.*

SATURDAY, JUNE 7.

WHILE this cause was pending before the justice, the deposition of one Fehr was taken by defendant, and used on the trial without objection. On appeal, the justice returned the deposition with his transcript and the other papers in the cause. Plaintiff then, for the first time, moved to suppress the deposition, which motion was sustained. Defendant appeals, and assigns this ruling as error.

*Murphy & McCollough* for the appellant.

*H. M. Martin* for the appellee.

WRIGHT, J.—The only provision of the statute bearing directly upon this question, is § 2466, (Rev., 4093,) which declares that: "Depositions taken to be used in a justice's court, shall be transferred to the District Court if the case be appealed, and may be used on the trial there in the same manner as if taken regularly after the case was in the District Court." The general provisions of the statute are, that in case of appeal, the justice shall file in the District Court, with his transcript, all the original papers relating to the suit; and that such a case is for trial upon its merits, and for no other purpose. (§§ 2336, 2343.)

These sections do not assist much in the determination of the questions here involved, but we think they are in harmony with the principle which ought to and must govern, and that is, that exceptions, (other than for incompetency and irrelevancy,) must be made before the deposition is offered in the justice's court. In this case, the objection was to the certificate of the officer taking the deposition. The cause was tried in the inferior court on its merits. The deposition was used without objection, and after this, on the trial in the District Court, it seems to us to be like any other paper filed in the cause. As the party could not then object for the first time, to the sufficiency of the notice, the service, the petition or other pleading, neither can he for what may be styled a formal defect in a deposition. It is not unlike a case where there has been a trial, and a failure to obtain a verdict. A deposition then read, cannot afterwards be excepted to for such formal defects. A party may waive his objections; and this he does by permitting the evidence thus taken to go to the jury. Upon principle, authority, and the plainest dictates of justice, these objections should be made in time to enable the party to supply the evidence, if the deposition should be suppressed. The objecting party should not be allowed to remain silent, and permit a deposition to be

read and remain on file,. term after term, and then, on the eve of the trial, file his exceptions, and compel his adversary to a continuance of the cause, or go to trial without the benefit of such testimony.

Reversed.