GUADULUPE SERRANO et al., Appellants, v. CUDAHY PACKING COMPANY, Appellee.

**MASTER AND SERVANT:** Workmen's Compensation Act—Finding 1 on Conflicting Testimony. A finding by the industrial commissioner, under conflicting testimony, on the issue of the dependency of the parents of an injured servant, is conclusive.

**MASTER AND SERVANT:** Workmen's Compensation Act—''Dependency'' Defined. No one is dependent, within the meaning of the Workmen's Compensation Act, who has sufficient means at hand to supply present necessities, rating them according to the party's class and position in life.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

OCTOBER 24, 1922.

ACTION to recover compensation under the Workmen's Compensation Law of Iowa instituted on behalf of the parents of the deceased who are residents of Mexico. The industrial commissioner denied the relief and on appeal to the district court his decision was affirmed. Claimants appeal.—*Affirmed.*

*C. R. Jones,* for appellants.

*Snyder, Gleysteen, Purdy & Harper,* for appellee.

DE GRAFF, J.—It was stipulated upon the original hearing that Manuel Serrano entered the employ of the defendant company about the 24th day of November, 1919, and that on the 4th day of February 1920 he received an injury arising out of and in the course of his employment which resulted in his death. The claimants are his father and mother who are and always have been alien residents.

1. MASTER AND SERVANT: Workmen's Compensation Act: finding on conflicting testimony.

This appeal presents but one question, to wit: Has the dependency of the claimants been established by a preponderance of the evidence? Under the Compensation Law of Iowa as applied to the facts in this case alien residents are not conclusively presumed to be dependents. Dependency is an issue and must be established by the claimants as any other material issue. In other words the "questions of dependency in whole or in part shall be determined in accordance with the fact as the fact may be at the time of the injury." Section 2477-m16 Paragraph c (5) Supplement Code of Iowa 1913.

What is the meaning of dependency? Clearly a person cannot at the same time be dependent and self-sustaining. The definition of *dependent* as found in Webster's Dictionary is: "Relying on, or subject to, something else for support; not able to exist, or sustain itself; not self-sustaining." This definition has found judicial approval in many cases. See *Rock Island Bridge & Iron Works v. Industrial Com.* 287 Ill. 648 (122 N. E. 830).

2. MASTER AND SERVANT: Workmen's Compensation Act: "dependency" defined.

No person can be regarded as a dependent "whose financial resources at his command or within his power to command by the exercise of such efforts on his part as he reasonably ought to exert in view of the existing conditions are sufficient to sustain himself and family in a manner befitting his class and position in life without being supplemented by the outside assistance which has been received or some measure of it." *MacDonald v. Employers' Liability Assur. Corpn.* (Me.) 112 Atl. 719. Unless the commissioner has applied an illegal standard or found a fact without evidence this court will not review his finding. The mere fact that the parents used certain earnings of the deceased

son does not prove that they relied upon those earnings as their means of support. *McDonald v. Great Atl. & Pac. Tea Co.* 95 Conn. 160 (111 Atl. 65). No one is a dependent within the meaning of our Compensation Act who has sufficient means at hand to supply present necessities, rating them according to the dependent's class and position in life. *Blanton v. Wheeler & Howes Co.* 91 Conn. 226.

The commissioner in the instant case determined that the facts did not establish the dependency of claimants as alleged. The evidence discloses that the father of the decedent was a blacksmith, 44 years of age, able bodied, and earning about $3.00 a day Mexican value. The father had reared and supported a family that was twice as large as the one he was supporting when the son was killed. The evidence of some of the claimants' witnesses was seriously impeached, and the commissioner ruled that ''the record is so vague, indefinite and dubious that claimants have wholly failed to meet the burden of proof in accordance with legal requirement.'' Evidence offered before the industrial commissioner is subject to the usual tests of credibility and this is true although no witness contradicts. The finding of the commissioner has the same force and effect as the finding of a jury. A jury is not bound to accept as true the testimony of a witness not contradicted by other witnesses. A jury takes into consideration the means and the opportunity of a witness to know the facts to which his testimony relates. This is also the privilege of the commissioner and it is for him to determine the consistency of the testimony and in the light of all proven facts and circumstances to weigh the credibility thereof.

In *Miller v. Gardner & Lindberg,* 190 Iowa 700 it is said: ''It will not do to say that the evidence of the claimant is binding upon the commissioner, in the absence of direct contradiction. It will not do to say that the commissioner may not consider the weight and credibility of his evidence, in the light of all the circumstances.''

This case does not fall within an exception of the statute which permits a review of the findings of the industrial commissioner by the district court. Therefore the finding of facts by

the commissioner is conclusive. The evidence is in conflict and as stated was subject to the usual tests of credibility.

We discover no reason for disturbing the finding made by the commissioner and the district court was fully warranted in affirming his ruling and order. Wherefore the judgment entered by the district court is—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.