AMANDA WEBB, Appellee, v. IOWA-NEBRASKA COAL COMPANY et al., Appellants.

**MASTER AND SERVANT:** Workmen's Compensation Act—Evidence
1 —Informal Taking of Depositions—Waiver. Notwithstanding the fact that the procedure under the Workmen's Compensation Act is largely nontechnical, nevertheless, material informalities in the taking of depositions are waived when not presented by appropriate objections either before the arbitration committee or before the industrial commissioner on appeal.

**MASTER AND SERVANT:** Workmen's Compensation Act—Burden of
2 **Proof.** Principle reaffirmed that a claimant under the Workmen's Compensation Act must show that the employee received an injury in the course of and arising out of the employment, and, in death cases, that such injury was the cause of the death. Evidence held sufficient to meet such burden.

*Appeal from Lucas District Court.*—D. M. ANDERSON, Judge.

OCTOBER 17, 1924.

ACTION to recover under the Workmen's Compensation Act. The arbitration committee, the industrial commissioner, and the district court sustained an allowance to the claimant, and the employer appeals.—*Affirmed.*

*Miller, Kelly, Shuttleworth & McManus* and *H. W. Raymond,* for appellants.

*Clarkson & Huebner,* for appellee.

FAVILLE, J.—Appellee is the surviving widow of the workman William Webb, who was employed as a coal miner by appellant coal company. The evidence in behalf of appellee tends to show that, in March, 1923, the workman and his son were engaged in appellant's coal mine, in pulling down pillars. The workman was wedging down top coal some eight or nine inches in thickness, when it started to fall, and he jumped back to get out of the way of the falling coal, and struck a prop, and was thrown forward on his hands and knees. The coal fell on his back and around him. He was rendered unconscious for a short time, and when restored to consciousness, he immediately complained that his back hurt him; and he was taken in a car to the shaft, and elevated to the surface of the ground, and put on a stretcher and taken home. A physician was called, who gave him attention thereafter. He complained of pains in his back and in his limbs, and suffered pain when moved. His back was sore, to the time of his death. The attending physician testified that he made an examination of the workman shortly after the injury, and that he found quite a bruise on the latter's back; that he seemed to be suffering pain; but that witness did not believe the workman had any broken bones. He testified that he was present at an autopsy, and was of the opinion that death was caused from a dilated heart. He testified that, in his judgment, the injury was a material contributing cause of the death, and said:

"My opinion that there is a connection between the accident and the death, which was the result of acute dilation of the heart, is based upon his condition throughout the time that I

attended him. My opinion as to there being any connection between the accident and death is, in a way, the result of conjecture: I did not know of anything other than the accident which might have caused the dilation of the heart. * * * I did not find any other cause of death than this injury. It is possible that shock would dilate the heart; fright might, and depression might, some."

There was evidence tending to show that the amount of coal that fell on or around the workman weighed from a thousand to fifteen hundred pounds. The evidence also shows that, prior to the injury, the workman was a man fifty-eight years of age, and was strong and able-bodied. He worked regularly in the coal mine, and was never known to have any heart or stomach trouble. From the time of his injury until his death, he complained of pain in his back, and was nervous. He was moved by lifting the mattress on which he lay, and suffered with pain when he was moved. He did not move his head from the time he was hurt, and complained of his back continuously. He died eighteen days after the injury.

The foregoing covers the general points of testimony offered in behalf of appellee. In addition to this, there was offered in evidence the deposition of Dr. Glomset, who performed the autopsy on the decedent. In this deposition the physician testified:

"It is my opinion that the death was brought about by the injury which he received, although the final cause of death was dilation of the heart."

He further testified:

"The man died from dilation of the heart, which was directly brought about by the injury. Some of the reasons that I have come to the conclusion stated in my last answer are: First, because the man was perfectly well prior to the injury; then he received a severe injury, and following the injury, he remained in bed until his death; and lastly, a careful autopsy failed to disclose any other cause of death than that given in my previous answer."

He also said:

"I could find no intervening trouble, or no evidence of in-

tervening trouble. I can find no other reason for the man's death.''

He also testified that fright would materially contribute to dilation of the heart, as would also being extremely nervous.

I. Appellant contends that the deposition of Dr. Glomset should have been excluded by the trial court, and cannot be considered in determining the question as to whether or not there was any competent evidence in the case that the death of the workman was the result of the injury which he received in the mine. The contention of appellant is that the deposition of Dr. Glomset was not taken as provided by the statute; that the party who took the same was not a notary or a duly appointed commissioner, and it does not appear that the witness was sworn or the deposition signed by the witness, or that the deposition was properly offered and received and read in evidence.

1. MASTER AND SERVANT: Workmen's Compensation Act: evidence: informal taking of depositions: waiver.

It must be conceded that the deposition does not strictly comply with the requirements of the Code as to the manner of taking depositions. The deposition recited that it was the ''deposition of the witness, examined at Des Moines on the 10th day of September, 1923, in this proceeding;'' which was properly described. It also recites that the witness Dr. Glomset, ''of lawful age, being produced and examined on the part of the plaintiff, deposes as follows.''

To ''depose'' is to say under oath. Webster's Dictionary.

It appears without any conflict that the attorney then appearing for appellant was present at the time of the taking of this deposition, and objected to many of the questions that were propounded therein, and conducted a long and exhaustive cross-examination of the witness.

The deposition does not appear to have been signed or sworn to by the witness. Attached to it, however, is the affidavit of the party taking the deposition, in which she states, under oath, ''that, by virtue of an agreement made and entered into by and between the parties to the proceeding,'' the witness was examined on the date named, at Des Moines, by the attorney for the claimant and attorney in behalf of the defendants, and

the testimony of said witness was correctly and fully written down by the affiant, and the deposition returned to the industrial commissioner.

Chapter 409 of the Acts of the Thirty-seventh General Assembly provides that, in cases arising under the Workmen's Compensation Act:

"The deposition of any witness may be taken and used as evidence in any hearing pending before a board of arbitration in workmen's compensation proceeding in connection therewith. That such deposition shall be taken in the same manner as provided for the taking of depositions in the district court, and when so taken shall be admissible in evidence in such hearings in the same manner subject to the same rules governing the admission of evidence in the district court."

The general statute on depositions provides for the taking of a deposition either on notice or by commission; and it is a matter of common knowledge that depositions are frequently taken by stipulation of the parties, in which the formalities of the taking are waived. It is the contention of appellee that there was such a stipulation in regard to taking the deposition of Dr. Glomset. There was, however, no written stipulation, although the attorney who then represented appellant was present at the taking of the deposition and took active part therein, and cross-examined the witness at length. The deposition did not, however, comply with the formalities of the Code in regard to the taking of a deposition. Section 4708, Code of 1897, provides as follows:

"Unimportant deviations from any of the above directions shall not cause the deposition to be excluded, where no substantial prejudice could be wrought to the opposite party thereby, and by order of court it may be returned to the officer taking the same for correction and amendments as to formal matters."

It sufficiently appears in the record that the deposition was returned to the industrial commissioner by the party before whom it was taken, before the hearing before the arbitration committee. It was identified as an exhibit, and made a part of the record in the case, and was considered by the industrial

commissioner and certified by him, as a part of the record, to the district court. No objections of any kind or character were lodged against this deposition before the arbitration committee or the industrial commissioner, and we fail to find in the record where any objections were urged in regard to said deposition upon appeal in the district court. It is argued, however, that the deposition cannot be considered because of the irregularity in the manner in which it was taken, and that its contents are, therefore, not "competent" evidence.

The statute provides for the taking of depositions in cases of this character, and it also provides that unimportant deviations shall not cause the deposition to be excluded, and that, by order of court, it may be returned to the officer taking the same, for correction and amendments as to formal matters. Section 4708, Code, 1897. Had due and timely objections been made to the deposition on the grounds now urged in argument, as to the informality in the manner of taking it, undoubtedly, under the terms of the statute, the deposition could have been returned for correction and amendment, showing the facts in regard to the stipulation respecting the manner of its being taken. But no such objections were then interposed. The deposition was received in evidence before the arbitration committee and the industrial commissioner without objection, and was certified to the district court by the industrial commissioner. On this state of the record, we cannot consider the objections that are now urged by appellant. There was no motion to suppress the deposition, and no exceptions, under Section 4712, Code of 1897. In this situation, we are clearly of the opinion that, in proceeding under this statute, the appellants have waived any objections to the manner of the taking of said deposition. See *Alverson v. Bell*, 13 Iowa 308; *Tinning v. Mumm*, 146 Iowa 263.

Appellant's objection that the deposition, while offered in evidence as an exhibit, does not appear to have been "read" in evidence, is hypercritical. The deposition was identified and received in evidence before the arbitration committee and industrial commissioner, and was certified as a part of the record, to the district court. We think it was properly made a part of the record in the case.

Appellant asks us to construe Section 15, Chapter 270, Acts of the Thirty-seventh General Assembly, in connection with Paragraph 4 of Section 17 of said chapter. The pertinent part of said Section 15 is as follows:

"While sitting as an arbitration committee, or when conducting a hearing upon review, or in the making of any investigation or inquiry, neither the commissioner nor the arbitration committee shall be bound by common-law or statutory rules of evidence, or by technical or formal rules of procedure, but may hold such arbitrations or conduct such hearings and make such investigations and inquiries in the manner best suited to ascertain the substantial rights of the parties."

The act provides that the court may set aside the order of the industrial commissioner if he finds:

"That there is not sufficient competent evidence in the record to warrant the industrial commissioner in making the order or decree complained of."

Appellant's theory is that liberality and informality may mark the proceedings before the arbitration committee and the industrial commissioner, as the proceeding at that point is in the nature of an investigation; but that, upon appeal to the district court, it is incumbent upon the district court to reverse the industrial commissioner if the record does not show sufficient "competent" evidence to sustain the finding of the commissioner; and that the question as to the competency of the evidence need not be raised before the industrial commissioner, but can be urged for the first time in the district court.

Granting, for the sake of argument, appellant's contention that the strict rules of procedure are not required to be observed in the hearing before the arbitration committee or the industrial commissioner, and that the district court is charged with the duty of ascertaining from the record, as certified by the industrial commissioner, that it contains sufficient competent evidence to sustain the finding of the commissioner, still there is nothing in the statute that exonerates a party from the duty of interposing his objections such as are now urged to the manner in which a deposition was taken, before the arbitration committee and the industrial commissioner.

As applied to the facts in the instant case, it is appellant's contention now that the testimony of the doctor, which was taken in the form of this deposition, is wholly incompetent because the deposition was not formally taken, and that, therefore, it could not be considered by the district court; and it is appellant's contention that, without the consideration of such deposition, there is not sufficient competent evidence in the record to sustain the finding of the commissioner.

As already pointed out, had proper objections been interposed to the deposition before the arbitration committee and the industrial commissioner, it could have been corrected or sent back to the party taking it, for amendment, so that the party taking the deposition could have had opportunity to correct the deposition with regard to the formal matters that are now complained of. No such objection having been interposed, it would be, we think, a subversion of the plain intent and meaning of the statute to permit it now to be urged that, by reason of an informality or technicality in the taking of the deposition, the evidence is now "incompetent," and therefore cannot be considered as part of the record in the district court. No one contends that the evidence is not competent if the deposition can be considered.

While strict formalities and technicalities are not required to be observed in the hearing before the arbitration committee and the industrial commissioner, still the statute does not contemplate that a party may withhold objections of the kind now urged to the manner of taking and returning a deposition, until the cause reaches the district court on appeal, and then urge that the evidence cannot be considered because the informality in the taking of the deposition renders it incompetent.

Under the facts disclosed in this case, and under the record as made, we are of the opinion that the arbitration committee and the industrial commissioner did not err in considering the deposition of the witness Dr. Glomset. Appellant does not and could not well contend that the evidence of Dr. Glomset was not competent, relevant, and material, so far as the substance of his testimony is concerned. The objection of incompetency was only as to the sufficiency of the manner in which the deposi-

tion was taken and preserved. No other objections than those of incompetency, immateriality, and irrelevancy, to the evidence contained in the deposition, were then available to appellant. Section 4712, Code of 1897.

The trial court properly considered the deposition as part of the record in the case.

II. Appellant strongly insists that, under the record in this case, there is no competent evidence to warrant a finding that the death of the workman resulted from the injury which he received in the course of his employment in the coal mine.

The testimony is to the effect that the immediate cause of the death of the workman was dilation of the heart, and it is argued that there is no causal connection between the injury which the workman received from the falling slate and coal in the coal mine, and a dilation of the heart, which the physicians testified was the immediate cause of the death.

Appellant can scarcely maintain this contention if the testimony of the witness Dr. Glomset, who performed the autopsy, is to be considered; and, as we have pointed out, it is proper to be considered in this case. There is other evidence to the same effect. There is no question but that, under our holdings in *Sparks v. Consolidated Indiana Coal Co.*, 195 Iowa 334, *Slack v. Percival Co.*, 198 Iowa 54, *Pentony v. Dudley*, 197 Iowa 744, and other similar cases, the burden rested upon the claimant to establish by a preponderance of the evidence the right to compensation. In other words, to justify an award it must be established by the proof that the workman received an injury arising out of and in the course of his employment, and, in death cases, that such injury was the cause of the death of the workman. There must be a causal connection between the injury and the resulting death, in such cases. The matter cannot be left to surmise, conjecture, or speculation. Such is our pronouncement in the above cases. See, also, *Flint v. City of Eldon*, 191 Iowa 845; *Kraft v. West Hotel Co.*, 193 Iowa 1288; *Green v. Locomotive Eng. Mut. L. & A. Assn.*, 194 Iowa 1203; *Royal v. Hawkeye Portland Cement Co.*, 195 Iowa 534.

Under these well recognized rules, we meet at once the

2. MASTER AND SERVANT: Workmen's Compensation Act: burden of proof.

question as to whether or not there is evidence in this record that removes this cause from the realm of surmise, conjecture, and speculation, and tends to show a legitimate causal connection between the injury to the workman and his resulting death. Without entering into an extensive discussion of the evidence, we are united in the opinion that the evidence in this record sustains the conclusion of the arbitration committee, the industrial commissioner, and the district court. Appellant offered no evidence in the case. The evidence shows that, prior to the injury, the workman was a strong, able-bodied man, engaged in the hard work of a coal miner, and without any symptoms of stomach or heart trouble. He received a severe injury by being struck by falling coal and slate of great weight. He was knocked unconscious. His back was bruised, and undoubtedly injured. From that time to the date of his death, eighteen days later, he suffered much pain. No bones were fractured in the back or pelvic region. The autopsy disclosed that the immediate cause of death was dilation of the heart. The opinion of the medical experts, which is in no way controverted, is to the effect that the injury was the cause of the dilation of the heart and the resulting death.

The finding of the commissioner and the district court is sustained by sufficient competent evidence in the record to establish appellee's claim that the injury to the workman was the cause of his death. This being true, the award was proper, and the judgment appealed from must be, and it is,—*Affirmed.*

Arthur, C. J., and Evans and Preston, JJ., concur.