W. E. Swim, Appellee, v. Central Iowa Fuel Company et al., Appellants.

MASTER AND SERVANT: Workmen's Compensation Act—Hearsay
1  Evidence Incompetent. A letter written by a physician to an insurer of an employer's industrial risk is incompetent to overthrow a prima-facie showing of right of recovery on the part of the employee. (See Book of Anno., Vol. 1, Sec. 1441.)

MASTER AND SERVANT: Workmen's Compensation Act—Order
2  Based on Incompetent Evidence. An order by the industrial commissioner is subject to nullification by the court when the order is based solely on incompetent evidence.

Headnote 1: Workmen's Compensation Acts—C. J. p. 118. Headnote 2: Workmen's Compensation Acts—C. J. p. 116.

Headnote 2: 28 R. C. L. 829.

*Appeal from Lucas District Court.*—D. M. Anderson, Judge.

October 18, 1927.

Action to recover compensation under the provisions of the Iowa Workmen's Compensation Act. The claim was denied by the industrial commissioner, and from his decision an appeal was taken to the district court in and for Lucas County, Iowa,

resulting in a reversal; and from the judgment entered the defendant-employer and its insurance carrier appeal.—*Affirmed.*

*Comfort & Comfort,* for appellants.

*W. W. Bulman, G. C. Stuart,* and *McCoy & McCoy,* for appellee.

DE GRAFF, J.—The appellee-claimant was a coal miner, and at the time of the injury was employed by the defendant Central Iowa Fuel Company. The injury in question arose out of and in the course of his employment. The controlling question is whether a letter signed by one Dr. D. Q. Storie, deceased at the time of the arbitration hearing, was competent and admissible, under Section 1441, Code of 1924. The letter was admitted in evidence, over objection, on the arbitration hearing, and the ruling was affirmatively approved on claimant's appeal to the industrial commissioner.

1. MASTER AND SERVANT: Workmen's Compensation Act: hearsay evidence incompetent.

If it may be said that the challenged evidence determines the factual proposition, and without such evidence no dispute or conflict arises as to the proximate cause of the injury,—to wit, the loss of claimant's right eye,—then the ruling of the trial court reversing the finding of the industrial commissioner must be affirmed. The compensation statute provides:

"Any order or decision of the industrial commissioner may be modified, reversed, or set aside on one or more of the following grounds and on no other: * * * 4. If there is not sufficient competent evidence in the record to warrant the making of the order or decision." Section 1453, Code of 1924.

The finding of the commissioner upon questions of fact is made conclusive and binding upon the court by the statute, but, if the facts found do not support the order, or if there is not sufficient competent evidence in the record to warrant the industrial commissioner in making the same, such order may be set aside by the court. *Rish v. Iowa Portland Cement Co.,* 186 Iowa 443. In the event that the record facts are in conflict, the finding of the industrial commissioner is final. *Flint v. City of Eldon,* 191 Iowa 845. See, also, *Pappas*

2. MASTER AND SERVANT: Workmen's Compensation Act: order based on incompetent evidence.

*v. North Iowa Brick & Tile Co.*, 201 Iowa 607; *Tunnicliff v. Bettendorf*, 204 Iowa 168, with cases cited.

Without reviewing the evidence in detail, we announce the conclusion that, unless the Storie letter is viewed as competent, and therefore admissible, there is no evidence of a probative character that seriously disputes the proof offered by the claimant as to the injury received, resulting in the loss of his right eye. It is apparent that the finding of the industrial commissioner is based upon the Storie letter, known as Exhibit A, to which proper and timely objections were entered at the time of the hearing before the board of arbitration, and also before the commissioner.

It is contended, however, by the appellants in this court, that the provision of Section 1441, Code of 1924, is a sufficient answer to the claim of the appellee bearing on the non-admissibility of the letter in question. We therefore ask, Does the said statutory provision dispense with the necessity for legal evidence to support a claim or to negative the basis in support of such claim? It is true that the legislative intent in the enactment of our Workmen's Compensation Law is to afford an efficient and speedy tribunal to determine and award compensation under the terms of the act. Nevertheless, there must be found in the record evidence of a competent and recognizable probative character, to sustain the granting or the denial of an award. *Royal v. Hawkeye Portland Cement Co.*, 195 Iowa 534.

Code Section 1441, supra, provides that:

" * * * neither the board of arbitration nor the commissioner shall be bound by common-law or statutory rules of evidence or by technical or formal rules of procedure; but they shall hold such arbitrations, or conduct such hearings and make such investigations and inquiries in such manner as is best suited to ascertain and conserve the substantial rights of all parties thereto."

As pointed out, with the elimination of Exhibit A, there is no evidence of value controverting the plaintiff's case. Exhibit A was a letter written by Dr. Storie to the insurance carrier, in which the doctor attempts to state "a complete history of this case," and in the light of the facts stated by him, concludes that the insurance company is in no way responsible to him (claimant) for the loss of his eye, "as he was totally blind

in the right eye before the U. S. F. & G. Company carried the insurance for the Central Iowa Fuel Company in 1922, September 30th.''

In passing, it may be noted that there is evidence of a quite conclusive character offered by the claimant that, prior to the injury in question, to wit, May 5, 1924, the claimant had substantial vision in his right eye, as he played ball, ran sights for entry driving, read newspapers normally, and went about the town when his left eye was bandaged on account of an injury received in his left eye.

We cannot agree to the proposition that the rule against the admission of hearsay evidence as proof of a fact is a mere technical rule of evidence. The rule against hearsay evidence is more than a mere artificial technicality of law. It is founded upon the experience, common knowledge, and conduct of mankind. See *Englebretson v. Industrial Acc. Com.*, 170 Cal. 793 (151 Pac. 421); *Olson-Hall v. Industrial Com.*, 71 Colo. 228 (205 Pac. 527).

The rule of the cases cited supra appears to be the quite universal rule; and although it is recognized that strict rules of evidence are not to be applied in proceedings before the industrial commissioner, this court held that a letter of the character in issue in the instant case was not admissible, and should have been given no consideration by the industrial commissioner. *Hinrichs v. Davenport Locomotive Works*, 203 Iowa 1395. In *Reid v. Automatic Elec. Washer Co.*, 189 Iowa 964, the oral statements of a hearsay character were introduced without objection.

We conclude, therefore, that the evidence shows without conflict that the claimant lost the sight of his eye by reason of a piercing of the eyeball by a piece of steel or other foreign substance, on May 5, 1924, when he was on the cage, making his exit from the mine where he was working for the defendant-coal company; and that, at and prior to said date, he had substantial vision in his right eye; and that, although the eye was, on July 15, 1924, enucleated, the causative fact was the injury received in the preceding May.

The trial court was correct in holding that the Storie letter should have received no consideration by the commissioner, and with the elimination of the letter there is no evidence creating

a conflict in the evidence supporting plaintiff's claim, and consequently there is "not sufficient competent evidence in the record to warrant the making of the order" entered by the commissioner. Wherefore, the judgment entered by the trial court is—*Affirmed.*

EVANS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.