VALLISORIOS ANTONEW, Appellee, v. N. W. STATES PORTLAND
CEMENT COMPANY et al., Appellants.

**MASTER AND SERVANT:** Workmen's Compensation Act—Finding by Commissioner—Conclusiveness. A supported finding by the industrial commissioner, on conflicting testimony, that an employee had failed to show that an injury arose out of and in the course of his employment is conclusive on the courts. (See Book of Anno., Vols. I, II; Sec. 1452.)

Headnote 1:   Workmen's Compensation Acts—C. J. p. 122.

Headnote 1:   L. R. A. 1918F, 915.

*Appeal from Cerro Gordo District Court.*—M. H. Kepler, Judge.

DECEMBER 13, 1927.

In the district court this was an appeal by the claimant under the Workmen's Compensation Law from a finding by the industrial commissioner adverse to the claimant. The trial court reversed the order of the industrial commissioner, and fixed the compensation of the claimant. The defendants appeal. —*Reversed.*

*Chandler Woodbridge,* for appellants.

*George R. Ludeman,* for appellee.

WAGNER, J.—It is the contention of the plaintiff that, on or about June 10, 1925, while in the employ of the defendant, he received an injury to his hand, causing disability, which injury he claims arose out of and in the course of his employment.

The plaintiff filed in the office of the industrial commissioner his application for arbitration, and the testimony was taken before the deputy industrial commissioner, arbitrators being waived by agreement of the parties. The deputy industrial commissioner, thus sitting as a board of arbitration, rendered decision as follows:

"It is held, upon the record, that this claimant has failed to discharge the burden of proving that the disability for which he seeks recovery resulted out of and in the course of his employment by the defendant Cement Company. Wherefore, recovery is denied."

The claimant, being aggrieved by the decision of the board of arbitration, filed with the industrial commissioner his petition for a review thereof; and that officer, on the review, affirmed the decision of the board of arbitration. The plaintiff then perfected his appeal to the district court, which reversed the order and decision of the industrial commissioner, and fixed the compensation of the plaintiff; and from this action by the district court the defendants have appealed.

The fact question in the case is as to whether or not the appellee received an injury arising out of and in the course of his employment, causing the disability of which he complains. The claimant, at times, was in the employ of the defendant Cement Company since 1908. About May 26, 1925, the appellee again entered the employ of the company, and at first was engaged in work in which he used an iron crowbar for a period of about eleven days, and then he was given work with a shovel, to unload cars of coal. While employed in shoveling coal, on the 10th day of June, 1925, he noticed trouble with his hand,—that it was just a little bit heavy. He worked until noon on June 11th. About 1:15 on June 11th, the back of his hand being swollen, he went to the office of the timekeeper of the defendant company, and iodine was placed thereon. .

He testifies that he saw Mr. Birch, who has charge of the time office, two days afterwards, and that Birch told him to take a paper and report and go to Mr. Boyle. He testifies, with reference to that time, "You see, I could not explain it;" but now claims that the injury came from shoveling coal and handling of the shovel. Birch, who was in charge of the time office, testifies:

"He came to my office about the 13th of June, and talked with Mr. Loman, who is my assistant. He came there later, when I was there, and said he wanted to go to the doctor, and I said, 'Did you get hurt?' He said he had a sick hand. The back of his hand had been painted with iodine. He wanted to go to the doctor, and I said, 'How did you get hurt?' And he said, 'No hurt,—just sick,—maybe boil.' I said, 'Did you get hurt in any way down here?' He said, 'No, I just wanted to go to the doctor.' I said: 'Well, you know we do not pay unless a man gets hurt. The only thing you can do, if you want to go to a doctor, you will have to pay the bill yourself, if you do not seem to have gotten hurt.' He says, 'No get hurt;' so he went away, and I never saw him any more for a long time. I found out that he was beginning to claim that his hand was sore from injury when he presented a bill from Dr. Egloff. I told him that it did not interest us, because he was not hurt here. He said, 'Well, Dr. Egloff says I got my hand hurt on the shovel.' The first I knew that he claimed to have hurt his hand on the

shovel was when he came back to work, and said the doctor said that that was the cause of it.''

The claimant further testifies:

''Dr. Egloff said that the trouble with my hand was, I had bruised it with the shovel, and that was the first time that I knew what was the matter with it.''

Dr. Egloff testifies:

''I attended Mr. Antonew the first time on June 13, 1925. His left hand was badly swollen and he had a deep palmar abscess. It was in deep, and in getting the history from him as to how he did it, he said that he was shoveling coal a great deal with it; and of course there is always a cause for these things, so I attributed the abscess to the contusion or compression of the palm of the hand by the shoveling. Of course, it might not have been that. It might have been something else, but that is the probable cause. Such an abscess as this is usually due to bruise or to a contusion or something of that kind. There was nothing in this case that would lead me to believe that the injury was due to something else than a bruise. When he came to me, on June 13th, there was no discoloration or evidence of a bruise on his hand, other than that the hand was swollen,—as I remember it, back and front. Trouble was not on the surface of the hand, but deep in. He did not have any blisters or things like that on the surface of the palm of the hand. I inquired into his work and his business, and found out that he had been working with a shovel and crowbar, and I concluded from the fact that he had a sore hand that he must have bruised his hand while doing that work. I did not find any evidence of a bruise on the hand, and I would not now say that he had a bruise. The only thing I would say was, the probable cause was on account of his work. I say that because, if a man does severely bruise his hand, he might have an abscess,—and he might not. Of course, you might get some infection of the finger, and then blood poison develop; but some people, handling rough tools, would be likely to develop an abscess. At least in the absence of all other, I would not hesitate to say it was by bruise or contusion. As a matter of fact, because of the kind of work he was doing, I connected the two in my mind; but he did not give me the history of any specific injury at a certain time,—no, sir.''

The foregoing constitutes all of the evidence that has any

material bearing upon the injury claimed to have been suffered by the appellee. From this record the board of arbitration and the industrial commissioner found that the claimant failed to discharge the burden of proving that the disability from which he seeks recovery resulted out of and in the course of his employment by the defendant Cement Company.

The burden is upon the plaintiff to establish by a preponderance of the evidence that the injury which he claims caused the disability arose out of and in the course of his employment. *Flint v. City of Eldon,* 191 Iowa 845; *Sparks v. Consolidated Indiana Coal Co.,* 195 Iowa 334; *Kraft v. West Hotel Co.,* 193 Iowa 1288; *Miller v. Gardner & Lindberg,* 190 Iowa 700.

We have repeatedly held that, where the evidence in a case of this kind is in conflict, the finding of the industrial commissioner as to the facts is final and binding upon the courts. *Guthrie v. Iowa Gas & Elec. Co.,* 200 Iowa 150; *Miller v. Gardner & Lindberg,* supra; *Serrano v. Cudahy Packing Co.,* 194 Iowa 689; *Flint v. City of Eldon,* supra; *Kraft v. West Hotel Co.,* supra. Many other cases holding to the same effect could be cited.

In *Serrano v. Cudahy Packing Co.,* supra, we said:

"Evidence offered before the industrial commissioner is subject to the usual tests of credibility, and this is true although no witness contradicts. The finding of the commissioner has the same force and effect as the finding of a jury. A jury is not bound to accept as true the testimony of a witness not contradicted by other witnesses. A jury takes into consideration the means and the opportunity of a witness to know the facts to which his testimony relates. This is also the privilege of the commissioner, and it is for him to determine the consistency of the testimony, and in the light of all proven facts and circumstances to weigh the credibility thereof."

In *Miller v. Gardner & Lindberg,* supra, a case similar in some respects to the instant case, this court, speaking through Evans, C. J., said:

"The burden was upon the claimant, under the statute, to show that his disability did result from an injury received in the course of his employment. It will not do to say that the evidence of the claimant is binding upon the commissioner, in the absence of direct contradiction. It will not do to say that

the commissioner may not consider the weight and credibility of his evidence, in the light of all the circumstances."

The evidence before us is in conflict as to whether or not the plaintiff received an injury arising out of and in the course of his employment, or as to whether or not he received any injury at all. He told Birch that he was in no way hurt,— "Just sick,—maybe boil." His claim now is, supported, to some extent, by the testimony of Dr. Egloff, based upon speculation and conjecture, that he received an injury to his hand by his use of the shovel. It is clearly a question of fact, to be determined from conflicting testimony. From this conflicting testimony before the industrial commissioner, that officer found against the claimant; and under the repeated pronouncements of this court, the finding of the industrial commissioner is final and binding, both upon the district court and upon this court. The finding by the industrial commissioner has ample support in the evidence. See *Sparks v. Consolidated Indiana Coal Co.*, supra; *Slack v. Percival Co.*, 198 Iowa 54; *Webb v. Iowa-Nebraska Coal Co.*, 198 Iowa 776.

For the reasons hereinbefore given, the judgment of the district court is reversed.—*Reversed.*

EVANS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.