NETTIE L. SCHULER, Appellant, v. CUDAHY PACKING COMPANY, Appellee.

No. 43996.

1324

SEPTEMBER 28, 1937.

Griffin & Griffin, for appellant.

Snyder & Sears, for appellee.

DONEGAN, J.—This case involves the claim of Nettie L. Schuler, widow of Ben Schuler, deceased, for workmen's compensation. Prior to his death on November 8, 1935, said Ben Schuler had been employed by the Cudahy Packing Company for several years, as an electrician in its plant at Sioux City, Iowa. About quitting time on October 30, 1935, he told his foreman he was not feeling well and thought he was getting the flu, and after returning to his home he made substantially the same statement to his wife. On October 31, 1935, he visited Dr. Keeffe, who found inflammation under his armpit and a scab on the back of one of his fingers, and advised the application of hot packs on the swollen area. About November 4, 1935, Dr. Hanson was called to Schuler's home, found the swelling and inflammation around the armpit, and also noticed the scratch on the finger. Both doctors diagnosed the case as septicemia having its origin in the scratch on the finger.

On February 29, 1936, the claimant filed her application for arbitration, alleging that, while in the performance of his duty as a wire man for the Cudahy Packing Company, her deceased

husband had received a scratch on the back of his finger, and that an infection, originating in this scratch and resulting in septicemia had caused his death. The defendant, Cudahy Packing Company, admitted the employment of deceased, but denied generally all other allegations of the application, and expressly denied that said Schuler had received any injury arising out of and in the course of his employment that resulted in his death. A hearing was had before the deputy industrial commissioner, who found for the claimant. The defendant filed a petition for review and, upon hearing before the industrial commissioner, the decision of the deputy industrial commissioner was reversed. From this decision of the industrial commissioner, the claimant appealed to the district court of Woodbury county, where the decision of the industrial commissioner was sustained and affirmed. From the order and judgment of the district court sustaining the decision of the industrial commissioner, the claimant appeals.

The first ground upon which the appellant relies for reversal is that "the court erred in sustaining the erroneous decision of the commissioner based upon undisputed evidence." The only essential issue as to which there is any dispute in this case is, whether the scratch on the back of Schuler's finger, from which the infection causing his death originated, arose out of and in the course of his employment. The industrial commissioner, on review, decided that the evidence did not support appellant's claim that this scratch was sustained by Schuler while in the plant of appellee or while performing any of the duties of his employment. Appellant contends that the evidence upon which the industrial commissioner based his finding and decision was not in dispute in any material point; that this evidence was such as to sustain the claimant's contention and entitle her to compensation; and that, under our holdings in Schraeder v. Sears, 192 Iowa 604, 185 N. W. 110, and Williams v. Cohn, 201 Iowa 1121, 206 N. W. 823, the commissioner's finding is not conclusive and binding on the courts.

 It may be admitted that, where the evidence is undisputed as to all essential facts, the finding and decision of the industrial commissioner, if contrary to such evidence, is not binding upon the courts. This rule, however, does not apply, unless the evidence, upon which the finding and decision of the industrial commissioner is based, is undisputed. While, for the

purpose of this appeal, the evidence may be considered as showing without dispute that Ben Schuler received a scratch on the back of one of his fingers, and that an infection was set up in this scratch and later resulted in his death, we do not think it can be said that the evidence shows without dispute that this injury to his hand was received by him while in the plant or while in the performance of any of the duties of his employment.

There is no direct evidence in the case as to when or where the deceased, Ben Schuler, received the injury to his finger. On the hearing before the deputy industrial commissioner, over the objection of the appellee that such evidence was hearsay, Dr. Keeffe and Dr. Hanson both testified to statements made to them by Schuler, in which he said in substance that, while performing his work in the plant he slipped and fell against some object which he thought to be a wire or a nail, which caused the scratch upon the back of his finger.. It is contended by the appellant that this evidence was admissible and competent, because it was introduced as a part of the necessary history of the case, which the doctors required in making their diagnosis and determining the treatment to be administered. Testimony of the claimant also was received, over the objection of the appellee, to the effect that her husband had told her in substance that he had received this scratch on his finger while doing some of his work in the plant of the appellee. There was also the further testimony of the claimant that her deceased husband had not been employed at any place except in the plant of the defendant since long prior to the time he scratched the back of his finger, and it is argued that, aside from any of the alleged hearsay evidence, this testimony was sufficient from which an inference could be drawn that the injury to the back of his finger was sustained while in the performance of his work for the appellee.

On the other hand, there is evidence that the appellee maintained a room in its plant under the supervision of a registered nurse, where all minor injuries sustained by its employees during working hours were treated; that Schuler had received treatment at this place on previous occasions, the last such treatment being in July, 1935; but that he had not applied for or received any treatment for a scratch on his hand prior to October 31, 1935. Schuler's foreman testified that about quitting time, October 30th, Schuler told him that he was not feeling well and felt like he was coming down with flu, but did not say anything

about having received any injury; that Schuler's wife telephoned the plant on November 1st and said Schuler was not coming to work because he was not feeling well, but said nothing about any injury; that Schuler came back to work on November 2d but stayed in the shop all day, because he was not feeling well, but that he did not mention any injury. In a statement signed by the claimant after Schuler's death, in connection with a claim for insurance in the Bankers Life Insurance Company of Des Moines, claimant stated that on October 31, 1935, Schuler complained of chills and thought he was coming down with the flu, but did not speak of having any trouble with his hand or arm; that claimant recalled that one day earlier in that week he had hurt his right hand by hitting the back of the fingers; that when he showed her the injured fingers she washed them and put iodine on them; and that "he did not say at any time how he had hurt the hand, but he was an electrician at Cudahy's and I assumed that he had done it in the course of his work."

Such being the status of the evidence, it cannot be said that there was no dispute on any material point. Even if the evidence objected to as hearsay be considered as admissible and competent, there was sufficient in the other facts and circumstances in evidence to raise a conflict. In such a situation, while we might not agree with the decision of the industrial commissioner, there would undoubtedly be sufficient in the evidence to sustain it, and the decision must stand.

In the case of Miller v. Gardner & Lindberg, 190 Iowa 700, 704, 180 N. W. 742, 743, we said:

"The burden was upon the claimant, under the statute, to show that his disability did result from an injury received in the course of his employment. It will not do to say that the evidence of the claimant is binding upon the commissioner, in the absence of direct contradiction. It will not do to say that the commissioner may not consider the weight and credibility of his evidence, in the light of all the circumstances."

In the case of Serrano v. Cudahy Packing Company, 194 Iowa 689, 691, 190 N. W. 132, 133, we further said:

"Evidence offered before the industrial commissioner is subject to the usual tests of credibility and this is true although no witness contradicts. The finding of the commissioner has the

same force and effect as the finding of a jury. A jury is not bound to accept as true the testimony of a witness not contradicted by other witnesses. A jury takes into consideration the means and the opportunity of a witness to know the facts to which his testimony relates. This is also the privilege of the commissioner and it is for him to determine the consistency of the testimony and in the light of all proven facts and circumstances to weigh the credibility thereof."

See, also, Smith v. Soldiers & Sailors Memorial Hospital of Henry County, 210 Iowa 691, 231 N. W. 490; Antonew v. N. W. States Portland Cement Co., 204 Iowa 1001, 216 N. W. 695.

 Appellant further alleges that: "The court erred in sustaining the finding of the commissioner that claimant's proof was based only upon inadmissible hearsay evidence." In his written decision the industrial commissioner said: "This claim is based entirely upon hearsay. Our courts are disposed seriously to question the value of secondhand evidence, its reception or rejection depending upon surrounding facts and circumstances. In support of substantial direct evidence it may have weight and competency but standing practically alone it certainly cannot be controlling. Inference may be effectively exercised in making findings of fact, but it must be bottomed upon established actuality and not upon conjecture or hypothesis."

It is appellant's contention that the testimony given by the doctors Keeffe and Hanson, in which they detailed statements made to them by Schuler as to how he received the scratch on the back of his finger, is not inadmissible as hearsay evidence. In support of this contention appellant cites State v. Blydenburg, 135 Iowa 264, 274, 112 N. W. 634, 638, 14 Ann. Cas. 443, and Pride v. Inter-State Business Men's Accident Association, 207 Iowa 167, 216 N. W. 62, 62 A. L. R. 31. In the Blydenburg case a doctor was examined in regard to his diagnosis, and was not allowed to testify as to statements made to him by the patient concerning her previous condition. In holding that this evidence should not have been excluded, we said:

"To require him to state the bare conclusion and exclude the material and essential facts on which it is based is to keep from the jury the best possible test by which it can properly weigh and estimate the value of the opinion expressed."

It will be noted that in that case, and in other cases, where a

doctor is allowed to give statements made to him by the patient in obtaining the history of the case, the evidence is admitted, as the quotation above indicates, for the purpose of allowing the doctor to give the reasons upon which his opinion is based, and not for the purpose of proving the truth of the facts detailed by the patient to the doctor. In the Pride case the question considered was whether the statements made to the doctor, and which it was sought to elicit on examination, were confidential, and no question as to the admissibility of hearsay evidence was involved.

Appellant also refers to the case of Swim v. Central Iowa Fuel Company, 204 Iowa 546, 548, 549, 215 N. W. 603, 604, and quotes therefrom this statement:

"We cannot agree to the proposition that the rule against the admission of hearsay evidence as proof of a fact is a mere technical rule of evidence."

We are unable to see in what way this statement strengthens the appellant's position in regard to the admissibility of hearsay evidence, and an examination of the opinion discloses that its holding is against the proposition for which appellant here contends. In that case, compensation was asked by claimant for the loss of an eye, and the only evidence disputing the proof offered by the claimant, as to the injury received, was a letter written to the insurance carrier by a doctor who examined the claimant. At the time of the hearing before the industrial commissioner this doctor was dead, the letter in question was allowed to be introduced in evidence, and compensation was not awarded. On appeal to the district court the industrial commissioner's decision was reversed, and appeal was taken to this court. In considering the question as to the admissibility of the letter in evidence, we said:

. "It is contended, however, by the appellants in this court, that the provision of section 1441, Code of 1924, is a sufficient answer to the claim of the appellee bearing on the nonadmissibility of the letter in question. We therefore ask, Does the said statutory provision dispense with the necessity for legal evidence to support a claim or to negative the basis in support of such claim? It is true that the legislative intent in the enactment of our Workmen's Compensation Law is to afford an efficient and speedy tribunal to determine and award compensation under the

terms of the act. Nevertheless, there must be found in the record evidence of a competent and recognizable probative character, to sustain the granting or the denial of an award. Royal v. Hawkeye Portland Cement Co., 195 Iowa 534, 192 N. W. 406. * * *

"We cannot agree to the proposition that the rule against the admission of hearsay evidence as proof of a fact is a mere technical rule of evidence. The rule against hearsay evidence is more than a mere artificial technicality of law. It is founded upon the experience, common knowledge, and conduct of mankind. See Englebretson v. Industrial Acc. Com., 170 Cal. 793, 151 Pac. 421; Olson-Hall v. Industrial Com., 71 Colo. 228, 205 Pac. 527."

In the case of Walker v. Speeder Mach. Corp., 213 Iowa 1134, 240 N. W. 725, there was also involved the question of the admissibility of a letter written by the deceased employee, and other testimony, which it was contended was hearsay, and this court reaffirmed its adherence to the rule announced in the Swim case, and quoted with approval the extract from the opinion in that case which has been set out above.

Appellant has not cited and we have not found any authority supporting her contention that hearsay evidence is admissible and competent to prove any of the basic facts in a compensation case. Without the hearsay evidence introduced in this case, we find no other competent evidence to sustain the burden imposed upon claimant to prove that the injury that resulted in her husband's death arose out of and in the course of his employment.

Further claim is made by the appellant that the objections and motions directed to the hearsay evidence in this case were not sufficient to exclude it, and that such evidence is, therefore, in the record, and should have been considered by the industrial commissioner. We think the grounds upon which this claim is made by the appellant are hypercritical, and that the objections and motions made by the appellee to the evidence here under consideration were timely and amply sufficient to raise the question of its admissibility and competency.

We find no error in the judgment and order of the district court sustaining the decision of the industrial commission, and such judgment and order are, therefore, affirmed.—Affirmed.

HAMILTON, C. J., and ANDERSON, PARSONS, RICHARDS, STIGER, and SAGER, JJ., concur.