MILBERT HENNINGS, Appellee, v. G. G. HERRICK PAVING COMPANY, Employer, and FIDELITY AND CASUALTY COMPANY OF NEW YORK, Insurance Carrier, Appellants.

No. 45064.

APRIL 2, 1940.

REHEARING DENIED SEPTEMBER 20, 1940.

F. L. Meeker, for appellee.

Carl F. Jordan and John J. Montgomery, for appellants.

MITCHELL, J.—This is a workmen's compensation case. Milbert Hennings was 35 years old and married. He was employed by the G. G. Herrick paving company, that was at the time of the accident paving Route 88 five or six miles southwest of Marshalltown, Iowa. His work consisted of carrying 2-inch waterpipes, 18 to 20 feet long, that weighed between 60 and 80 pounds. The pipes were carried up an 8 to 10-foot embankment and used for furnishing water. At first two men carried the pipes, but the boss decided that one could do the job. On the 21st day of August 1937, Hennings reported for work at the usual time. He was feeling fine until about 5 o'clock in the afternoon when he was seized with pains in his stomach which he attributed to accumulation of gas and went to a nearby cornfield for what he expected to be bowel relief. No relief was obtained, and he returned to his work, but complained of discomfort in his abdominal region of his person. He quit work with others at 6:30 and went home. Arriving home he lay down on a coach for a while. After he had had supper, with his wife he drove in their automobile to the nearby grocery store. At about 8 o'clock he was seized with a sharp pain in his side and he felt on his left side a lump about as big as an egg. He went right home and his wife got some bandages and wrapped him up. On the next day he bought a truss. Monday morning

he reported back to work. He told his boss the story of what had happened and he was taken to the company's doctor, who examined him and said he was ruptured. Payments as required were not made by the employer, and Hennings filed an application for arbitration.

By way of answer the appellants plead that the injury did not arise out of and in the course of the employment. There was a hearing before the deputy industrial commissioner, acting as sole arbitrator, who found for Hennings and awarded compensation. There was a review before the industrial commission, who affirmed the decision rendered, and from that order there was an appeal to the district court, which affirmed the ruling and order made by the commission.

Every finding was in favor of Milbert Hennings. The employer and the insurance carrier have appealed to this court.

It is the well-established law in this state that the finding of the industrial commissioner is conclusive, if the facts found by him support the finding, and if there is competent evidence to warrant the order made.

In Enfield v. Certain-teed Prod. Co., 211 Iowa 1004, 1008, 233 N. W. 141, 143, this court said:

" 'The duty of determining where the preponderance of evidence lies, under the records in cases of this kind, is the task imposed by statute upon the state industrial commissioner. If there is no fraud, and that official acts with power, and not in excess thereof, and his findings support the order and decree, it cannot be interfered with on appeal to the district court unless "there is not sufficient competent evidence in the record to warrant the making of the order or decision." * * *' "

See also Shuler v. Cudahy Packing Co., 223 Iowa 1323, 275 N. W. 39, and Nash v. Citizens Coal Co., 224 Iowa 1088, 277 N. W. 728.

In view of the above-cited cases, there is but one question which confronts us, "Is there sufficient competent evidence in the record to warrant the making of the order?"

To ascertain this, we must turn to the record.

No question is raised but what that Milbert Hennings is suffering from a hernia. The claimant himself testified that on the day of the accident he was working as directed, carrying 2-inch iron pipes, 18 or 20 feet long, weighing 60 to 80 pounds. That for some time each pipe was carried by two men but that the boss ordered that one man could carry the pipes. They were carried up an incline. That about 5 o'clock in the afternoon he experienced discomfort of a light pain in the abdomen, which he at the time attributed to an accumulation of gas. To relieve himself he retired to a nearby cornfield, but was unable to evacuate anything other than what he termed ''gas''. He returned to his work, but complained of discomfort in his abdominal region of his person. He went home and rested on a couch and then drove to the grocery store where he had the real sharp pains, and felt the lump about the size of an egg on his left side. His wife testified to practically the same story after he arrived home. It is undisputed that he was in good physical condition on the morning that the accident happened.

There is medical testimony that the hernia was probably caused by the carrying of the heavy pipes up the incline. In fact, the company's doctor testified it could have happened in that way. Clearly in view of such a record there is competent evidence to sustain the findings and the order of the industrial commissioner and this court will not interfere with same. It necessarily follows that this case must be and it is affirmed.— Affirmed.

CHIEF JUSTICE and all JUSTICES concur.