MARY KYLE, Appellee, v. GREENE HIGH SCHOOL, Appellant.

No. 39589.

JUNE 24, 1929.

REHEARING DENIED SEPTEMBER 24, 1929.

*Carl F. Jordan,* for appellant.

*Dunn & Dunn* and *B. R. Dunn,* for appellee.

WAGNER, J.—John Kyle, the husband of the plaintiff, for a period of about eight years had been in the employ of the defendant as a janitor. He had no regular working hours,—that

is, no definite time for either the commencement or the completion of his daily service. He usually went to work about 5 o'clock in the morning, and stayed in the forenoon as long as it was necessary to complete whatever work there was for him to do, as such janitor, and would return again, usually about 3:30 o'clock in the afternoon, for the completion of his labor for the day. If he should not finish his daily work when the time for the evening meal arrived, he would proceed to his home, and return later in the evening to complete his work; but the daily routine was usually completed so that it was not necessary for him to return to the school building in the evening. In some instances, he had been called to the schoolhouse in the evening for some *special service*. He had an assistant, whom he paid. On December 11, 1926, he had completed his labor for the day, and returned to his home. On the evening of that day, there was a basket-ball game in the gymnasium, and the principal of the high school, upon her arrival, about 7 o'clock, for some reason was unable to manipulate the lights. She put in a telephone call for the home of the employee, which his wife first answered, and the principal informed her that there was something wrong with the lights on the gymnasium floor, and for Mr. Kyle to come. Mrs. Kyle responded: "He is here in the room; you may talk to him." Kyle then talked to the principal, and in response to her request, proceeded on a direct route from his home to the schoolhouse, about a quarter of a mile distant. About the middle of the block adjacent to the school property, he was struck by an automobile, and received an injury from which he died, a few weeks later. The accident did not occur on a crossing, but in almost the middle of the block. The streets were icy, which undoubtedly accounts for the fact that Kyle, at the time of the accident, was walking in the traveled portion of the street.

The claimant, the widow of the decedent, filed with the industrial commissioner her application for arbitration. The defendant, in its answer, admitted the injury to Kyle, but denied that the same arose out of and in the course of his employment. The deputy industrial commissioner, sitting as a board of arbitration, granted claimant an award. On a review before the commissioner, the decision of the board of arbitration was affirmed. On appeal to the district court, the action of the com-

missioner was affirmed, and from this latter action, the defendant has appealed to this court.

The only question for our determination is: Did the injury to Kyle arise out of and in the course of his employment, within the purview of Paragraph 6 of Section 1421 of the Code of 1924? It is provided by Section 1453 of the Code:

"Any order or decision of the industrial commissioner may be modified, reversed, or set aside on one or more of the following grounds and on no other:

"1. If the commissioner acted without or in excess of his powers.

"2. If the order or decree was procured by fraud.

"3. If the facts found by the commissioner do not support the order or decree.

"4. If there is not sufficient competent evidence in the record to warrant the making of the order or decision."

We have repeatedly held that, where the evidence is in conflict, the finding of the industrial commissioner as to the facts is final and binding upon the courts. *Antonew v. N. W. States Portland Cement Co.*, 204 Iowa 1001; *Guthrie v. Iowa Gas & Elec. Co.*, 200 Iowa 150; *Miller v. Gardner & Lindberg*, 190 Iowa 700; *Serrano v. Cudahy Packing Co.*, 194 Iowa 689; *Flint v. City of Eldon*, 191 Iowa 845; *Kraft v. West Hotel Co.*, 193 Iowa 1288. On the other hand, when the facts are not in dispute, or if there is not sufficient competent evidence to support the findings of the commissioner, then said findings are not binding upon the courts, and the order based thereon may be reviewed and set aside. *Johnston v. Chicago & N. W. R. Co.*, 208 Iowa 202; *Tunnicliff v. Bettendorf*, 204 Iowa 168; *Flint v. City of Eldon*, 191 Iowa 845; *Norton v. Day Coal Co.*, 192 Iowa 160; *Rish v. Iowa Portland Cement Co.*, 186 Iowa 443; *Kent v. Kent*, 202 Iowa 1044; *Johnson v. City of Albia*, 203 Iowa 1171. In the instant case, the evidence is not in dispute. It is apparently correctly claimed by both parties that the question at issue is one for the determination of the court, regardless of the conclusion arrived at by the industrial commissioner.

Did the injury to Kyle arise out of and in the course of his employment? In order for the claimant to be entitled to recover, it must be shown that the injury arose (1) out of his employment

and (2) in the course of his employment. If only one of these conditions is shown to exist, without the other, then the claimant must fail. There can be no question that the injury arose in the course of his employment. *Christensen v. Hauff Brothers,* 193 Iowa 1084; *Pace v. Appanoose County,* 184 Iowa 498; *Griffith v. Cole Brothers,* 183 Iowa 415. This leaves for determination only the disputed question as to whether or not the injury arose out of the employment. It is the claim of the appellant that Kyle was injured on the way to the place of his employment, and for that reason, his injury did not arise out of his employment. It is a well settled general rule that an injury suffered by an employee in going to or returning from the employer's premises, where the work of his employment is carried on, except in special instances, does not arise out of his employment so as to entitle him to compensation. *State Compensation Ins. Fund v. Industrial Acc. Com.,* 89 Cal. App. 197 (264 Pac. 514); *Podgorski v. Kerwin,* 144 Minn. 313 (175 N. W. 694); *Nesbitt v. Twin City Forge & Foundry Co.,* 145 Minn. 286 (177 N. W. 131); *Stockley v. School Dist.,* 231 Mich. 523 (204 N. W. 715); *Brown v. Department of Labor and Industries,* 135 Wash. 327 (237 Pac. 733); *Sun Indemnity Co. v. Industrial Acc. Com.,* 76 Cal. App. 165 (243 Pac. 892); *Ocean Acc. & Guar. Co. v. Industrial Acc. Com.,* 173 Cal. 313 (159 Pac. 1041).

An exception to the aforesaid general rule is found in cases where it is shown that the employee, although not at his regular place of employment, even before or after customary working hours, is doing, is on his way home after performing, or on the way from his home to perform, some special service or errand, or some duty incidental to the nature of his employment in the interest of, or under direction of, his employer. In such cases, an injury arising en route from the home to the place where the work is performed, or from the place of performance of the work to the home, is considered as arising out of and in the course of the employment. *State Compensation Ins. Fund v. Industrial Acc. Com.,* 89 Cal. App. 197 (264 Pac. 514); *Stockley v. School Dist.,* supra; *Sun Indemnity Co. v. Industrial Acc. Com.,* supra; *Palmer v. Main,* 209 Ky. 226 (272 S. W. 736); *In re Claim of Katz v. Kadans & Co.,* 232 N. Y. 420 (134 N. E. 330, 23 A. L. R. 401); *Reese v. National Sur. Co.,* 162 Minn. 493 (203 N. W. 442); *Dennis v. A. J. White and Co.* (Eng. H. of L.) L. R., A. C.

(1917) 479 (Ann. Cas. 1917E 325); *City of Fremont v. Lea,* 115 Neb. 565 (213 N. W. 820); *Chandler v. Industrial Com.,* 55 Utah 213 (184 Pac. 1020).

In *Stockley v. School Dist.,* supra, the Supreme Court of Michigan declared:

''The criterion is not necessarily that others are exposed to the same dangers of travel, but whether, with reference to the nature of his employment, the performance of a special service within the scope of such employment, in the interest of or by direction of his employer, particularly subjects an employee to the added danger out of which the accident arises.''

In *Sun Indemnity Co. v. Industrial Acc. Com.,* supra, it is declared:

''His [the employee's] return to his home was an incidental factor in his mission. He was, at the time of the accident, * * * traveling * * * for a definite purpose connected with his employment and to further his employer's interest.''

In *Palmer v. Main,* supra, the Supreme Court of Kentucky declares:

''Since the service which Main was required to perform necessarily exposed him to the danger of being struck by an automobile while on the street, it follows that the injury was the direct and natural result of a risk reasonably incident to the employment, and that neither the Workmen's Compensation Board nor the circuit court erred in holding that the accident arose out of the employment.''

In *Dennis v. A. J. White and Co.,* supra, it is aptly stated:

''But when a workman is sent into the street on his master's business, whether it be occasionally or habitually, his employment necessarily involves exposure to the risks of the streets, and injury from such a cause arises out of his employment.''

In the instant case, an emergency with reference to the lights had arisen at the schoolhouse. The janitor had completed his services for the day. In response to the call, he started in the performance of a special service or errand which was incidental to the nature of his employment and in the interest of his

employer. He, as the employee, had the right to comply with the request for the special service. His going to perform the service was not personal to himself, but was incidental to his employment, and in the interest of his employer.

The claimant's husband was injured in the street, not at a crossing. The evidence fails to disclose that he turned aside from the direct route from his home to the schoolhouse on any mission personal to himself.' The record shows that the automobile skidded; that the streets were icy. It is manifest that the icy condition in general was what prompted Kyle to be walking where he was at the time of his injury.

It is apparent from the foregoing authorities that the injury which caused Kyle's death arose out of and in the course of his employment. The judgment of the trial court is hereby affirmed. —*Affirmed.*

ALBERT, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.