(No. 5446.   November 25, 1930.)

NEAL SCRIVNER and MRS. MABEL SCRIVNER, Husband and Wife, Respondents, v. FRANKLIN SCHOOL DISTRICT No. 2 OF CANYON COUNTY, IDAHO, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[293 Pac. 666.]

Scatterday & Stone, for Appellants.

Thos. E. Buckner and Donald Anderson, for Respondents.

GIVENS, C. J.—Claimant, Mrs. Scrivner, was employed by the Franklin School District No. 2 of Canyon County as a teacher, and on a certain morning when riding in an automobile toward the schoolhouse was injured in an automobile collision. On this morning it was her intention to leave the road leading directly to the schoolhouse and go to the residence of the chairman of the board of trustees to report in regard to certain children of school age in the district who were not in school, and also to consult with the trustee in regard to certain playground or schoolhouse equipment.

The State Industrial Accident Board found as above but concluded in effect that the action did not arise in the course of and out of her employment and denied compensation. The trial court construed the law otherwise. The contract of employment between Mrs. Scrivner and the school district required the teachers to maintain proper order and discipline in the school, to prepare and forward to the proper officials all required school reports, and C. S., sec. 944, provides as follows:

"General Duties of Teacher. Every teacher shall make reports, in addition to those mentioned elsewhere in this chapter, which may be required by the state superintendent, county superintendent, or by the school district board of trustees,—hold pupils to a strict account for disorderly conduct or improper language in or about the building, on the playgrounds and on the way to and from school."

Appellant argues that the claimant not having departed from the main road she was accustomed to travel in going to and from the school had not yet entered upon the special service, if any, in connection with her reporting to

and consulting with the chairman of the board. There is, however, no denial in the record, and the Industrial Accident Board expressly found that it was the claimant's intention on the morning in question, and in her course of travel, to report to and consult with the chairman of the board; that she had done so on previous occasions, that it was her custom to do so, and that the board of school trustees knew of and acquiesced therein. The law applicable to this kind of a situation, and answering appellant's contention that compensation is not allowed for accidents occurring on the way to or from work, is well stated in *Kyle v. Greene High School,* 208 Iowa, 1037, 226 N. W. 71, at 72, thus:

"An exception to the aforesaid general rule is found in cases where it is shown that the employee, although not at his regular place of employment, even before or after customary working hours, is doing, is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty incidental to the nature of his employment in the interest of, or under direction of, his employer. In such cases, an injury arising enroute from the home to the place where the work is performed, or from the place of performance of the work to the home, is considered as arising out of and in the course of the employment."

*Stockley v. School District No. 1 of Portage Tp.,* 231 Mich. 523, 204 N. W. 715, relied on in the above case, is quite in point. The situation therein was that a schoolteacher on her way to attend a teacher's institute, at the request of the school superintendent, was injured. Compensation was awarded.

Appellant argues that on the morning in question the claimant had not observed any children on the way to school who required discipline; the claimant nevertheless was in the boundaries of the district and by the statute was not only required to observe the conduct of the children but she was expressly and directly on the way to see

the chairman of the board. Though there might have been other means of communication, such as telephone, mail or by messenger, the finding of the Industrial Accident Board that it was her custom to so report to and consult with the chairman, and that on the particular morning she intended so to do, clearly justifies the conclusion that the accident occurred during the course of her employment as teacher. (*City of Fremont v. Lea*, 115 Neb. 565, 213 N. W. 820; *Weston-Dodson Co. v. Carl*, 156 Md. 535, 144 Atl. 708; *Lamm v. Silver Falls Timber Co.*, 133 Or. 468, 286 Pac. 527.)

The judgment is affirmed. Costs awarded to respondents

Budge, Lee, Varian and McNaughton, JJ., concur.