(No. 6146. July 3, 1934.)

CHARLES DAMERON, Respondent, v. YELLOWSTONE TRAIL GARAGE, INC., Employer, and STATE IN-SURANCE FUND, Surety, Appellants.

[34 Pac. (2d) 417.]

John L. Fitzgerald and P. C. O'Malley, for Appellants.

H. E. Worstell, for Respondent.

BUDGE, C. J.—From a judgment of the district court affirming an award of the Industrial Accident Board in favor of Charles Dameron, and against Yellowstone Trail Garage, Inc., employer, and State Insurance Fund, surety, this appeal is prosecuted.

The case arises from an automobile accident in which respondent was injured, the nature and extent of his injuries not being here questioned. Respondent, and the other occupants of the car, automobile mechanics in the employ of the Yellowstone Trail Garage, Inc., were requested by their employer on June 7, 1933, to go to Spokane on that evening to attend a brake school for the purpose of teaching them to sell "Multibestos" brake service, the employer being the agent in Wallace for "Multibestos" brake lining. The employer furnished the automobile, gas and oil therefor, and placed one Kruger, an employee, in charge of the car, with instructions to take the group of employees to the brake school and to bring them back to Wallace. After attending the brake school, upon the return trip from Spokane to Wallace, shortly after midnight and while driving east in a heavy rain on the Trent road the driver Kruger, as well as all other occupants of the car, failed to see a stop signal, the driver Kruger failed to make a right angle turn onto

U. S. Highway No. 10, and ran the automobile into posts across along the highway, wrecking the automobile and injuring respondent. Upon a hearing before the Industrial Accident Board an award was allowed in favor of respondent and against appellants. On appeal the district court affirmed the award of the Industrial Accident Board and made and entered judgment in favor of respondent, from which judgment this appeal is prosecuted.

Appellants specify seven assignments of error, all based upon the proposition that the findings, conclusions and judgment are not supported by but are contrary to the law and to the evidence.

The first point urged by appellants is that respondent did not sustain a personal injury by accident arising out of and in the course of his employment, it being appellants' contention that respondent was receiving no compensation from his employer at the time of his injury which occurred in the state of Washington, and that respondent was a volunteer on the trip even though requested to go there by his employer.

That the injury occurred in the state of Washington is of no moment. (I. C. A., secs. 43–1003, 43–1415; *Industrial Com. v. Aetna Life Ins. Co.*, 64 Colo. 480, 174 Pac. 589, 3 A. L. R. 1336.)

The record discloses beyond dispute that while respondent received no pay for making the trip, he made the trip solely in the interest of, and under the direction of, and as a special service for, his employer. Respondent was at the time an employee of appellant Yellowstone Trail Garage, Inc., but made the trip after and between working hours. The trip was made at the request of the employer for the one purpose of attendance at the brake school in order that respondent might receive instruction in the art of salesmanship of the product handled by the employer, the expenses, transportation and driver being furnished by the employer. The record further discloses that respondent did not sell brake service upon a commission basis but worked for the employer upon a flat rate basis of seventy cents per hour. The

general rule that compensation is not allowed for injuries sustained while employees are going to or coming from their work, has been held not to apply to cases where employees, on either their own or their employer's time, are going to or from their employment on some substantial mission for the employer growing out of the employment. This court in *Scrivner v. Franklin School Dist. No. 2*, 50 Ida. 77, 293 Pac. 666, announced the applicable rule as follows:

"The law applicable to this kind of a situation, and answering appellant's contention that compensation is not allowed for accidents occurring on the way to or from work, is well stated in *Kyle v. Greene High School*, 208 Iowa, 1037, 226 N. W. 71, at 72, thus:

" 'An exception to the aforesaid general rule is found in cases where it is shown that the employee, although not at his regular place of employment, *even before or after customary working hours,* is doing, is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty of, or under direction of, his employer. In such cases, an injury arising enroute from the home to the place where the work is performed, or from the place of performance of the work to the home, is considered as arising out of and in the course of the employment.' "

The language used in *State Compensation Ins. Fund v. Industrial Acc. Com.*, 89 Cal. App. 197, 264 Pac. 514, appears to be singularly apropos to the instant situation:

"As the commission held, the evidence here proves that this was not the ordinary case of an employee being injured while following his usual custom of going to or coming from the place where he works. On the contrary, it shows beyond doubt that decedent was injured while returning from a special errand of his employer and which required him to leave his home at night, after regular working hours, and called for service outside of his regular duties as a salesman, the sole purpose of which was to help his employer in the latter's business; and it was because of the relationship of employer and employee that the one requested the service

and the other rendered it. Manifestly, under such circumstances it would be a harsh and indefensible rule which would withhold compensation for an injury received by an employee in the performance of such an errand.'' (See, also, *London G. & A. Co. v. Industrial Acc. Com.*, 190 Cal. 587, 213 Pac. 977; *Chandler v. Industrial Com.*, 55 Utah, 213, 184 Pac. 1020, 8 A. L. R. 930; *Reese v. National Surety Co.*, 162 Minn. 493, 203 N. W. 442.)

██ Likewise, there is no merit in the contention that if there was a contract of employment it was casual or one not carried on by the employer for the sake of pecuniary gain. Unquestionably the purpose of instruction in the art of salesmanship of ''Multibestos'' brake service to the employees of the Yellowstone Trail Garage, Inc., was to further the employer's prospects of the sale of such product. Whether or not the employer was making a profit at the time the employee was injured is immaterial. (*Modlin v. Twin Falls Canal Co.*, 49 Ida. 199, 286 Pac. 612.) The record heretofore referred to negatives the proposition that the respondent's employment was casual.

██ Appellants further urge that respondent's injuries were caused by the wilful act of a third party and are therefore not compensable because such wilful act cannot be construed as being directed against the employee because of his employment, appellants reciting in their brief that: ''Such wilful act consisted of driving into a sharp curve on the highway at an excessive rate of speed and in disobedience to the speed laws and stop signs of the State of Washington.'' Whatever the rule may be with respect to liability for injury caused by the wilful act of a third party, it is evident that such rule has no application herein. The Industrial Accident Board found and the trial court affirmed the finding of fact which recites *inter alia:*

''that when the claimant and said co-employees left Spokane at or shortly after the hour of midnight on the 7th day of June, 1933, as above stated, they proceeded eastward on the Trent Highway on their homeward trip and while traveling at the rate of about thirty or thirty-five miles an hour they

passed by said 'Slow' and 'Stop' signs without seeing them and were unable to make the turn onto the Appleway Highway.''

This finding and the evidence which amply supports it, eliminates any question of the accident being caused by the wilful act of the driver. We are not called upon to determine whether there was negligence upon the part of the driver or whether respondent was guilty of contributory negligence. (*Western Pac. R. Co. v. Industrial Acc. Com.*, 193 Cal. 413, 224 Pac. 754; I. C. A., sec. 43-902; *In re Stewart*, 49 Ida. 557, 290 Pac. 209.)

Appellants further urge that respondent was engaged in a joint or common enterprise so that the negligence of the driver of the automobile is imputable to respondent. Without passing upon the applicability of the joint enterprise doctrine to cases under the Workmen's Compensation Act, it appears that in any event the doctrine has no application to the facts disclosed herein. From the record it appears that the employer chose and furnished the means of transportation and instructed Kruger to drive the vehicle and placed him in charge of the trip. It is evident from the record that respondent neither drove nor controlled the automobile, and did not control and had no authority to control either the movement or operation of the automobile nor the route to be taken. There was no equal right as between respondent and the driver to direct and govern the movement, control and conduct of the car or the trip. (45 C. J. 1020, sec. 574; *Curran v. Earle C. Anthony, Inc.*, 77 Cal. App. 462, 247 Pac. 236.)

The judgment is affirmed.

Givens, Morgan, Holden and Wernette, JJ., concur.