(No. 6120.   October 22, 1934.)

LILLIAN R. BOCOCK, Respondent, v. STATE BOARD OF EDUCATION and STATE INSURANCE FUND, Appellants.

[37 Pac. (2d) 232.]

Paris Martin for Appellants.

T. Bailey Lee, for Respondent.

MORGAN, J.— ▇ This is an appeal from a judgment of the district court affirming an award of the industrial accident board in favor of claimant. The proceeding was commenced, and conducted before the board and in district court, against Albion State Normal School, hereinafter called the school, and State Board of Education, employers, and State Insurance Fund, surety. The school is a state educational institution, is not incorporated and cannot sue

or be sued. It is governed by the State Board of Education as a board of trustees (I. C. A., sec. 32–2602), which may sue and be sued. (Sec. 32–2604.) The school cannot be made a party litigant and, therefore, we have omitted its name from the title.

October 15, 1932, Clarence E. Bocock, president of the school, while traveling on the highway en route to Idaho Falls to attend a meeting of the State Educational Association, lost his life in an automobile accident. His widow, respondent here, made claim for compensation which resulted as above stated.

■ Appellants insist respondent cannot recover because the employer had not, prior to the accident, elected that the provisions of the workmen's compensation law should apply to Bocock's employment. They rely on I. C. A., sec. 43–904, which provides: "None of the provisions of this act shall apply to . . . . Employment which is not carried on by the employer for the sake of pecuniary gain: Unless prior to the accident for which the claim is made the employer had elected in writing filed with the board, that the provisions of the act shall apply."

No election was filed with the board and the employment was not carried on by the employer for pecuniary gain. Sec. 43–903 provides: "This act shall apply to employees and officials of the state . . . . ," and sec. 43–901 is as follows: "This act shall apply to all public employment as defined in sec. 43–903 and to all private employment not expressly excepted by the provisions of sec. 43–904." Sec. 43–904, which excepts certain employment from the operation of the act, applies to private employment and not to that of the state. (*Crowley v. Idaho Industrial Training School*, 53 Ida. 606, 26 Pac. (2d) 180.)

■ Appellants contend respondent is not entitled to compensation because she is not shown to have been living with her husband or actually dependent on him at the time of the accident, and rely on sec. 43–1102, which provides: "The following persons, and they only, shall be deemed dependents and entitled to compensation under the

provisions of this act: . . . The widow only if living with the deceased at the time of the accident, or actually dependent wholly or partially, upon him.''

Paragraph 8 of respondent's application for a hearing before the industrial accident board is as follows: ''That the claimant bears the relation of spouse to the deceased and was actually wholly dependent on him for support on the day of the accident.'' In their answer appellants admitted paragraph 8. Thereafter they filed amendments to the answer wherein they alleged ''that the claimant, Lillian R. Bocock, is not a dependent widow under the purview of the workmen's compensation act of Idaho.''

The statement in the amendment that respondent is not a dependent widow within the meaning of the law is not the equivalent of an allegation that she was neither dependent on her husband nor living with him at the time of the accident. That statement may as well be construed to be based on the theory that respondent had not been legally married to deceased, or on any other contention the establishment of which would result in the conclusion that she is not a dependent widow within the meaning of the workmen's compensation act, as that she was neither living with her husband nor dependent on him when the accident, which resulted in his death, occurred. The allegation in the amendment that respondent was not a dependent widow is not sufficiently specific to overcome the admission in the answer that she was the spouse of deceased and was actually wholly dependent on him for support at the time of the accident, and the admission of that fact rendered proof thereof unnecessary.

Appellants insist the accident did not arise out of and in the course of Bocock's employment, and that it was due to a risk common to the public. They argue that it was not his duty to attend the meeting at Idaho Falls; that it was a voluntary teachers' association which he might attend or not, as he chose, and was not a teachers' institute the holding of which, or attendance upon which, was required by law.

His duties were something more than those of a school-teacher. He was president of a normal school which was brought into existence and maintained by the state for the purpose of educating school teachers and those intending to engage in that profession. His accident is subject to a different rule than are accidents to those who work by the hour or day, and who are injured in traveling on the highways between their homes and their places of employment. The duties he owed to his employer were continuous and his compensation was reckoned by the year.

The record shows Mr. Bocock had been requested by the State Board of Education, by which he was employed, to attend educational meetings such as was the one to attend which he was traveling when he was killed, and that his expenses were paid by the state when traveling to and from such meetings. The purpose of the board in having him attend such meetings is clear. It was to promote cooperation among the educators, and increase efficiency in the schools, of Idaho.

In *Scrivner v. Franklin School Dist. No. 2,* 50 Ida. 77, 80, 293 Pac. 666, 667, and in *Dameron v. Yellowstone Trail Garage,* 54 Ida. 646, 34 Pac. (2d) 417, 418, we quoted from *Kyle v. Greene High School,* 208 Iowa, 1037, 226 N. W. 71, 72, and we again quote, as applicable to this case, as follows:

" 'An exception to the aforesaid general rule is found in cases where it is shown that the employee, although not at his regular place of employment, even before or after customary working hours, is doing, is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty incidental to the nature of his employment in the interest of, or under direction of, his employer. In such cases, an injury arising enroute from the home to the place where the work is performed, or from the place of performance of the work to the home, is considered as arising out of and in the course of the employment.' "

In *Vaughn v. Robertson & Thomas,* 54 Ida. 138, 29 Pac. (2d) 756, 757, we said:

"In the recent case of *Logue v. Independent School District No. 33,* (53 Ida. 44, 48) 21 Pac. (2d) 534, this court approves the definition as to when an injury arises in the course of employment, as laid down in the case of *Murdoch v. Humes & Swanstrom,* 51 Ida. 459, 6 Pac. (2d) 472, 474, (quoted from *Stakonis v. United Advertising Co.,* 110 Conn. 384, 148 Atl. 334, 336) as follows: 'An injury arises in the course of the employment when it takes place (a) within the period of employment, (b) at a place where the employee may reasonably be, and (c) while he is reasonably fulfilling the duties of the employment or doing something incidental to it.' "

The Supreme Court of Michigan said, in *Stockley v. School Dist. No. 1 of Portage Tp.,* 231 Mich. 523, 204 N. W. 715, 717–718:

"It is also contended that, even if in the course of her employment, deceased's injury did not arise out of it, because she had not arrived at, but was only on her way to, the place of holding the institute, in support of which counsel cite decisions to the generally accepted rule that, when an employee is injured away from his place of employment and employer's premises, while going to or returning from his work, the injury does not arise out of his employment.

"Various exceptions to that general rule are found in cases where it is made to appear that the employe, although away from his regular place of employment, even before or after customary working hours, was doing some special service or discharging some duty incidental to the nature of his employment in the interest of or under direction of his employer. . . . . The criterion is not necessarily that others are exposed to the same dangers of travel, but whether with reference to the nature of his employment the performance of a special service within the scope of such employment, in the interest of or by direction of his employer, particularly subjects an employe to the added

danger out of which the accident arises." (See, also, *Mann v. Board of Education of City of Detroit*, 266 Mich. 271, 253 N. W. 294.)

Appellants argue that, even if the journey to Idaho Falls be regarded as incidental to the performance of the duties of the president of the school, the automobile wreck, which resulted in his death, did not arise out of his duties and the risk thereof was common to the public traveling along the highway. They quote from *Walker v. Hyde*, 43 Ida. 625, 632, 253 Pac. 1104, 1105, in part, as follows:

"Even in view of this liberal construction, it is not enough for the applicant to say that the accident would not have happened if he had not been engaged in the particular employment or if he had not been at the particular place. He must go further and must say that the accident arose because of something he was doing in the course of his employment and because he was exposed by the nature of his employment to some particular danger."

They also quote from *Wells v. Robinson Construction Co.*, 52 Ida. 562, 566, 16 Pac. (2d) 1059, 1060, wherein it is said:

"It must be shown that the workman was more exposed to injury by lightning by reason of his employment than were others, not so engaged, in the same vicinity. That is, if the workman, in pursuit of his duties under his employment, is exposed to a special or peculiar danger from lightning, or the elements—a greater danger than other persons in the same locality are exposed to—and an unexpected death or injury is sustained by lightning, or the elements, such injury constitutes an accident 'arising out of and in the course of' the employment. Conversely, if it is not shown that the workman was exposed by reason of his employment to a danger greater than, or not common to, others in that locality, his accidental death or injury by lightning stroke or the elements is not compensable."

To apply these statements literally to this case would thwart the purpose of the workmen's compensation law. Where an employee, in the discharge of a duty he owed to his employer, went to the place where he was injured by

accident, and would not have been there, and would not have been the victim of the accident except for that duty and performance of it, his accident arose out of and in the course of his employment.

In *Zeier v. Boise Transfer Co.*, 43 Ida. 549, 553, 254 Pac. 209, this court held that:

"Where the employment requires the employee to be on the street he is subjected to a different risk than the ordinary traveler and so if he is injured while engaged in that duty or something incidental to it the accident arises out of the employment."

In *Roe* v. *Boise Grocery Co.*, 53 Ida. 82, 21 Pac. (2d) 910, we applied that doctrine to the case of an employee whose employment required him to travel through country infested with ticks, one of which bit him and caused his death.

The judgment is affirmed. Costs are awarded to respondent.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.