THURSTON CHEMICAL COMPANY and Aetna Casualty and Surety Company, Petitioners,

v.

Madge Oleta CASTEEL, Individually, and as next friend of Richard Dean Casteel, a minor, Linda Sue Casteel, a minor and David Otto Casteel, a minor, and State Industrial Commission, Respondents.

No. 36368.

Supreme Court of Oklahoma.

April 6, 1955.

As Corrected on Denial of Rehearing July 19, 1955.

Covington & Donovan, Tulsa, for petitioners.

Sanders & McElroy, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On June 17, 1953, Otto Quinton Casteel while in the employ of Thurston Chemical Company sustained an accidental injury consisting of an injury to his head resulting in his death.

On July 16, 1953, Madge Oleta Casteel, surviving widow of deceased, individually and as next friend of three minor children, dependents and heirs of deceased, filed a claim for compensation under the Death Benefits Provision of the Workmen's Compensation Law against petitioner Thurston Chemical Company and its insurance carrier. The trial commissioner denied compensation on the theory that the injury sustained by deceased resulting in his death did not arise out of and in the course of his employment. The order was vacated on appeal to the Commission en banc.

The Commission en banc in lieu of the findings of the trial commissioner found that on June 17, 1953, Otto Casteel, who was then in the employ of the chemical company, sustained an accidental personal injury consisting of a head injury which resulted in his death on June 24, 1953; that no administration or probate proceedings have been instituted on the estate of the said Otto Casteel and that none are necessary and further found;

"That the decedent, Otto Casteel, left as his sole and surviving dependent heirs, the following: Madge Oleta Casteel, wife; Richard Dean Casteel, son, born December 4, 1946; Linda Sue Casteel, daughter, born August 27, 1948; and David Otto Casteel, son, born January 5, 1951; and that he left no other surviving dependent heir.

\* \* \* \* \* \*

"That by reason of said accidental injury and resulting death of Otto Casteel, claimants are entitled to recover from the respondent and its said insurance carrier the sum of $13,500.00 to be paid by respondent or its insurance carrier as follows: $1,000.00 to Bert McElroy as a reasonable and necessary attorney's fee on behalf of the claimants; $5,000.00 to Madge Oleta Casteel; $2,500.00 to Richard Dean Casteel; $2,500.00 to Linda Sue Casteel; and $2,500.00 to David Otto Casteel, and it is the further finding of the Commission that the amounts due each of said minor dependent children should be paid only to the duly appointed, qualified and acting legal guardian of each of said children."

The Commission en banc upon such findings entered an order awarding compensation to respondents accordingly.

Petitioners bring the case here to review this award. Their main contention is that the Commission en banc erred in finding that the injury sustained by deceased resulting in his death arose out of and in the course of his employment.

The evidence shows that petitioner Thurston Chemical Company was engaged in the manufacture and sale of commercial fertilizer; that it operated two departments, one known as a dry mix and the other as the wet mix department. In the operation of its plant it employed a day and night shift. Deceased was an employee of petitioner chemical company on and three years prior to the date upon which he sustained his injury. He was classified as a weigher but frequently performed work in connection with the dry mix department of the plant. His regular hours of employment were from 8 o'clock A.M. to 4:30 P.M. His pay scale was $1.25 per hour, for eight hours work per day or 40 hours work per week and time and a half for overtime. He frequently did overtime work. Mostly however after 4:30 P.M. but occasionally did some overtime work prior to 8 A.M. Deceased's work under the agreement was to commence when he arrived at the plant and to cease immediately upon his leaving the plant. There was no agreement that petitioner chemical company was to transport or furnish him transportation to and from work.

Petitioner chemical company in connection with the operation of the wet mix department of its plant kept and operated a machine known as a nodulating machine, which machine produces or processes a part of the fertilizer materials and which dumps the materials in a storage bin or

storage area from which the materials are conveyed to other parts of the plant. On June 16, 1953, at the close of deceased's regular working day it was discovered that the storage bin or storage area in the wet mix department of the plant became filled and it was impossible for the regular crew to operate the nodulating machine until the storage bin or storage area was cleared. Deceased and two other employees were directed by the foreman to appear at the plant the next morning, the 17th, at 4 o'clock for the special purpose of clearing the bin or storage area. Deceased left for the plant the next morning at 3:30 to perform this extra work. He traveled in his automobile. He picked up another employee who rode with him enroute to the plant. In traveling towards the plant he traveled over the usual and ordinary highway used in going from his home to the plant. The road was a hard surfaced public road. In order to reach the plant it was necessary to cross several railroad tracks, among which was a spur track. In attempting to cross the spur track he drove his car against a box car of a freight train which was either standing stationary on the track or moving very slowly. The collision resulted in his death and the death of his co-employee.

Petitioners to sustain their contention rely on the general rule that an employer is not responsible for an injury sustained by an employee in traveling to or returning from his place of work. Mead Bros. v. State Industrial Commission, 144 Okl. 279, 291 P. 571; Oklahoma Natural Gas Corp. v. Union Bank & Trust Co., 149 Okl. 12, 299 P. 159, and similar cases referred to in the brief.

Respondents contend that there are exceptions to this general rule and the rule does not apply where the reason for the employee making the trip was to perform a special task at the request of the employer and for his benefit. Such exception has been recognized by this and other courts. In R. J. Allison, Inc., v. Boling, 192 Okl. 213, 134 P.2d 980, we held:

"The general rule that an injury suffered by an employee while on his way to or from his regular work does not arise 'out of and in the course of his employment', as that expression is used in the Workmen's Compensation Law (85 O.S.1941 § 11), does not apply where the employee sustains an accidental injury while going to or returning from his place of work (1) to perform a special task, outside his regular working hours, and at the request of his employer, or (2) where the employer agrees, as an incident to the employment, to transport the employee to and from his place of work."

In the above-cited case it appears that the employer was engaged in a trucking business. The employee was employed as an automobile mechanic. His regular working hours were from 8 A.M. to 6 P.M. His employment commenced when he punched the clock when he went to work and ended when he punched the clock upon leaving the employer's place of business. The employee testifies that the foreman, Smith, who was in charge of the employer's business, after he had returned to his home after a regular working day directed him to return to the place of business and repair a truck that had to be sent out by 2 A.M. Smith agreed to transport him to and from his place of work, which agreement Smith denied. After the completion of his work he started walking home and as he walked along the highway that he usually traveled he was run into by a drunken motorist and received the injury complained of. He was awarded compensation for such injury which award this court sustained on review. The court however after referring to the exceptions to the general rule above set forth and in discussing the first exception mentioned said:

"In support of the first exception petitioner cites State Compensation Ins. Fund v. Industrial Acc. Commissioner of Cal., 89 Cal.App. 197, 264 P. 514; Kyle v. Greene High School, 208 Iowa, 1037, 226 N.W. 71, and Bocock v. State Board of Education, 55 Idaho 18, 37 P. 2d 232. We think these cases support the argument of petitioner. They involved the Workmen's Compensation Laws of California, Iowa and Idaho, and the facts are very similar to those in the instant case. In the California

case the employee was returning home after performing a special task, and in the other cases he was on his way from his home to perform a special task. In each case it was held that the injury arose out of and in the course of the employment. It is clear that the sole reason for Boling's trip was to perform a special task at the request of his employer. The trip to and from the place where the work was performed was a necessary incident to the work of repairing the truck. Coon v. Morton, 189 Okl. 40, 113 P.2d 192; 71 C.J. 651, § 398."

And in discussing the second exception the court after saying there was a conflict in the evidence as to whether the employer agreed to furnish transportation to and from the place of work held that the evidence was sufficient to sustain the finding that such agreement existed and since the exception is based upon the fact of the agreement it was not material that the employer had violated the agreement. The court then further said:

"The two exceptions, above discussed, are in harmony with the rule that street or highway accidents are covered by the Workmen's Compensation Law when the employment requires the employee to be upon the street or highway, such as deliverymen, messengers, draymen, and the like. See Pemberton Bakery. v. State Industrial Comm., 180 Okl. 446, 70 P.2d 98; Muskogee Transfer & Storage Co. v. Southern Surety Co. of New York, 170 Okl. 395, 40 P.2d 1044; Indian Territory Illuminating Oil Co. v. Whitten, 150 Okl. 303, 1 P.2d 756; 71 C.J. 704–712, 751–756; 28 R.C.L. 804, § 93; 139 A.L.R. 1472, note; 80 A.L.R. 126, note.

"We conclude that under the two stated exceptions, the employment commenced when the trip to the place of work started and was not to cease until the return trip had been completed. And in such case 'the hazards of the journey may properly be regarded as hazards of the service, and hence within the purview of the Compensation Act.' * * *."

In State Compensation Ins. Fund **v.** Industrial Acc. Commission of California, supra, the District Court of Appeals of California held:

"Widow of employee fatally injured while returning from performing a special service for his employer outside his usual duties as salesman, in leaving home after usual hours to unlock door of store so that electrician could enter and do some work, held entitled to compensation, under Workmen's Compensation Act (St.1917 p. 831); going and coming rule being inapplicable."

See, also, Bengston v. Greening, 230 Minn. 139, 41 N.W.2d 185; and, Harowitz, Current Trends in Workmen's Compensation, note 544, page 680.

■ The evidence in this case established that deceased was required to perform extra work outside of his regular hours and work other and different from the work he was required to do in the usual and ordinary course of his employment, work caused by reason of an emergency arising at the wet mix department of the plant. He was engaged in performing a special task for the benefit of the employer at the time he sustained the injury resulting in his death. The going and coming rule relied upon by petitioners is therefore not applicable. Deceased's employment commenced when he left his home enroute to the plant and while traveling over the usual and ordinary route necessary to travel in reaching the plant, he sustained the injury resulting in his death. The injury therefore arose out of and in the course of his employment and the Commission ruled correctly in so holding and awarding compensation to his dependents.

■ Petitioners further contend that the award was prematurely entered. The record discloses that, at the close of the evidence offered by respondents at the hearing before the trial commissioner, petitioners demurred thereto. Counsel for respondents in response to the demurrer stated that it should be denied for the reason that no such pleading is allowable under the Industrial practice and that a final order either awarding or denying compensation should

be entered. The trial commissioner made no specific ruling on the demurrer but entered an order denying compensation which order as above pointed out was vacated on appeal to the Commissioner en banc and final order awarding compensation was entered by the Commission en banc. Counsel for petitioners in the brief state that the trial commissioner agreed that if he should determine that a final award in favor of claimant should be entered under the evidence as it then stood the parties would be so notified and petitioners would be given an opportunity to introduce further evidence and directed counsel for petitioners to write a letter to him containing such agreement; that such letter was written by him. The order of the trial commissioner was appealed to the Commission en banc. The record however fails to show that counsel for petitioners at any time, requested the Commissioner en banc to remand the case to the trial commissioner for further hearing nor do the statements above referred to and mentioned by counsel in their brief, appear in the record.

The record discloses that counsel for respondents at the hearing before the trial commissioner offered evidence tending to show that conditions existed at the crossing in question and along the highway leading to the crossing which made it more hazardous to travel over the highway and crossing at night than in the daytime. The only additional evidence counsel for petitioners had to offer according to their briefs consists of evidence in rebuttal of this evidence of respondents.

There is nothing in the record to indicate that petitioners had any defense to respondents' claim other than that the injury sustained by deceased did not arise out of and in the course of his employment. This issue was fully presented and passed upon. The evidence of respondent relative to the condition existing at the crossing is of no importance in the determination of this question. It was not necessary for respondents to establish that such condition existed in order to recover. It was only necessary for them to establish that deceased on his way to the plant sustained an accidental injury resulting in his death and that they were his heirs and dependents. The evidence conclusively establishes such state of facts.

Under the authorities above-cited deceased's employment commenced when he left his home on his way to the plant. Therefore as stated in the Allison case, supra, the hazards of the journey will be regarded as hazards of the service and hence within the purview of the Workmen's Compensation Law. The contention of petitioners that the award was prematurely made is not supported by the record.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J. and CORN and JACKSON, JJ. concur.

BLACKBIRD, J., concurs by reason of stare decisis.

HALLEY, J., dissents.