ANDERSON CONSTRUCTION COMPANY
and Continental Casualty Company,
Petitioners,

v.

Willie Mae FRANKLIN et al., and the State
Industrial Commission of the State of
Oklahoma,. Respondents.

No. 37598.

Supreme Court of Oklahoma.

July 30, 1957.

Rehearing Denied Sept. 24, 1957.

Pierce, Mock & Duncan, and John R. Couch, Oklahoma City, for petitioners.

Dick Bell, Seminole, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Vice Chief Justice.

This is a proceeding brought by Anderson Construction Company and its insurance carrier, Continental Casualty Company, to review an award made under the death benefit provisions of the Workmen's Compensation Law to Willie Mae Franklin. The award was in the maximum amount of $13,500 to Willie Mae Franklin, widow of Clifton Lee Franklin, and this proceeding is brought by petitioners to review the award.

Clifton Lee Franklin, hereinafter called decedent, had been employed by Anderson Construction Company for four years. He was a motor patrol operator. He had started on a job at Hugo, Oklahoma. On Wednesday and Thursday, January 18th and 19th, 1956, the job was shut down on account of inclement weather and decedent, together with other employees, had left the premises. Decedent returned to his home in Coalgate, Oklahoma, which was the ordinary procedure in his work for his employer. On January 20, 1956, Charles Anderson, owner and operator of the

Anderson Construction Company called for him at his home. He was not at home but Anderson directed his wife to tell decedent to report to a place on Highway 7 west of Atoka, between Atoka and Wapanucka. The roadbed on this highway had been constructed by Anderson Construction Company and was waiting for blacktop to be placed thereon. It was the duty of Anderson Construction Company to maintain this road up to the time blacktop would be placed thereon which would be sometime the following spring. The purpose in sending decedent to this location was to remove snow and ice therefrom. The removal of the snow and ice was required in order to protect the roadbed, and was a special benefit to the employer in saving the roadbed. Decedent was one of the employer's oldest employees and was especially fitted for the type of work required. Anderson sent three men with a grader from McAlester, Oklahoma, and directed decedent to meet them at the location on Highway 7. Anderson and the three men with the grader and decedent met at the location late in the morning of January 20th. Anderson left decedent on the job between 3:30 and 4:00 p. m. of that day. At sometime after 6:00 p. m., January 20th, decedent was killed on the road between Lehigh and Coalgate, a direct route from Atoka to Coalgate and the road he had traveled in reaching the location to grade the roadbed.

There is evidence that Franklin was at the time of the accident, hauling tools in his car that belonged to his employer, that were necessary in the performance of his duties as a motor patrol operator. These tools were referred to as "hip pocket tools." It seems to be common practice for all motor patrol operators to carry such tools in a box placed on these motor patrols. The patrol operated by Franklin on the 20th had such a tool box, but it could not be locked as the lock had been jammed. The employer testified that the tools were placed in this box for the operator to use. All employees had been instructed by the employer to leave nothing on the equipment that might be stolen. Hence, Franklin had the tools in his car for safe keeping.

The testimony of Anderson is that there was a three day job to be performed by decedent. After decedent stopped his grading for the day and so far as the evidence shows not earlier than 5 o'clock p. m. or later than 6:00 p. m., he went to the home of his brother off the road from Lehigh. He left there at the time of the 6 o'clock news on the radio. There is also evidence which is disputed that he was at the home of two negroes shortly after 5 o'clock p. m. on said date. Decedent was one of four or five employees qualified for this type of work. He was paid a regular guaranteed weekly salary. There is evidence that the employer considered this type of work emergency work.

■■ In a single proposition petitioner argues that the accidental injury did not arise out of and in the course of the employment. Petitioner cites, Lucky-Kidd Mining Co. v. State Industrial Commission, 110 Okl. 27, 236 P. 600; Meade Brothers, Inc., v. State Industrial Commission, 144 Okl. 279, 291 P. 571; Farmers' Gin Co. v. Cooper, 147 Okl. 29, 294 P. 108; Oklahoma Natural Gas Corp. v. Union Bank & Trust Co., 149 Okl. 12, 299 P. 159; Indian Territory Illuminating Oil Co. v. Gore, 152 Okl. 269, 4 P.2d 690; Iverson Tool Co. v. Phillips, 161 Okl. 119, 17 P.2d 475; Hartford Accident & Idemnity Co. v. Lodes, 164 Okl. 51, 22 P.2d 361; Oklahoma Gas & Electric Co. v. Stout, 179 Okl. 312, 65 P.2d 477; State Highway Commission v. Koon, 185 Okl. 161, 90 P.2d 889; Novak v. McAlister, Okl., 301 P.2d 234; Caviness v. Driscoll Const. Co., 39 N.Mex. 441, 49 P.2d 251. These cases are authority for two rules. First, that an employee who sustains an accidental injury in going to or from his place of employment does not sustain an accidental injury arising out of and in the course of his employment; and second, that an employee who departs from his employment and sustains an accidental injury does not sustain an accidental injury arising out of and in the course of the employment.

788

■ ■ We are of the opinion that the rule applicable is announced in the following cases: Muskogee Transfer & Storage Co. v. Southern Surety Co. of New York, 170 Okl. 395, 40 P.2d 1044; International Harvester Co. v. Harris, Okl., 272 P.2d 1046; Baash-Ross Tool Co. v. State Industrial Commission, Okl., 289 P.2d 659; Trans-Tex. Drilling Co. v. Pittser, Okl., 298 P.2d 446; Oklahoma State Highway Department v. Moyer, Okl., 302 P.2d 153; Thurston Chemical Co. v. Casteel, Okl., 285 P.2d 403. In Thurston Chemical Co. v. Casteel, supra, it is stated:

"The general rule that an injury suffered by an employee while on his way to or from his regular work does not arise out of and in the course of his employment does not apply where the employee sustains an accidental injury while going to or returning from his place of work to perform a special task outside of his regular hours at the request of his employer and for the employer's benefit."

In 100 A.L.R. page 1053 the cases involving travel to and from a place at the direction of the employer are listed and analyzed. Among these cases is Bocock v. State Board of Education, 55 Idaho 18, 37 P.2d 232, 234, wherein a president of a normal school was killed while on a trip to attend a meeting of an educational association. An award for his widow was sustained. Therein it is stated:

"In Scrivner v. Franklin School Dist. No. 2, 50 Idaho 77, 80, 293 P. 666, 667, and in Dameron v. Yellowstone Trail Garage, [54 Idaho 646] 34 P.2d 417, 418, we quoted from Kyle v. Greene High School, 208 Iowa 1037, 226 N.W. 71, 72, and we again quote, as applicable to this case, as follows:

" 'An exception to the aforesaid general rule is found in cases where it is shown that the employee, although not at his regular place of employment, even before or after customary working hours, is doing, is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty incidental to the nature of his employment in the interest of, or under direction of, his employer. In such cases, an injury arising enroute from the home to the place where the work is performed, or from the place of performance of the work to the home, is considered as arising out of and in the course of the employment.' "

The decedent was directed to take this trip and blade the prepared roadbed. It was a special mission at the direction of the employer and the circumstances show that there was an emergency demanding the work be done immediately to preserve the roadbed.

■ At times the evidence is in conflict. In making the award it must be presumed that the conflicts in the evidence were resolved in favor of claimant. Indian Territory Illuminating Oil Co. v. Crow, 147 Okl. 229, 296 P. 451. In Standish Pipe Line Co. v. Johnson, 197 Okl. 238, 169 P.2d 1018, it is stated:

"The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the [State] Industrial Commission under the circumstances of each particular case, and where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate the award."

There is evidence from which the State Industrial Commission was authorized to find that the accidental injury resulting in death arose out of and in the course of the employment.

Award sustained.