ANNA E. O'BRIEN, PETITIONER-RESPONDENT, v. FIRST CAMDEN NATIONAL BANK & TRUST COMPANY, RESPONDENT-APPELLANT.

Camden County Court
Law Division

Decided November 15, 1960.

*Mr. Joseph R. Moss,* attorney for petitioner-respondent.

*Mr. A. Millard Taylor,* attorney for respondent-appellant.

MARTINO, J. C. C. This is an appeal from an award made on a dependency claim petition filed under the Workmen's Compensation Act. The facts are not in dispute.

■ The decedent was employed by the respondent-appellant as a custodian or guard. He died as a result of being struck by an automobile on September 9, 1958. He was crossing from the south to the north side of East Browning Lane, a public highway in the Borough of Bellmawr in Camden County. The respondent-appellant operates a branch bank in the Borough of Bellmawr and although decedent started work for it on August 4, 1958, the branch bank did not officially open until August 14, 1958, at which time decedent's duties as custodian or guard commenced. The testimony indicates that prior to August 14, 1958 a conference was held between the manager of the Bellmawr branch of the employer's bank and the chief of police of the Borough of Bellmawr, at which time the chief of police indicated that for security reasons a police officer should accompany the decedent to the bank each morning when the decedent was obliged to open the door for the day's business. The branch manager and the chief of police then agreed that decedent should call at the police station each morning before proceeding to the bank, at which place a police officer would be assigned to take the decedent in a police car to the bank and the assigned policeman would be present when the bank door was opened by decedent. This practic continued without incident until September 9, 1958. For the period from August 14, 1958 to September 9, 1958 it was the custom of decedent's son to drive his father, as a convenience, in the son's automobile to the police station where the father would alight, enter the police station and the son would continue on his own pursuits. On the morning of September 9, 1958, shortly before 8 A. M., the decedent alighted from his son's automobile on the south side of East Browning Lane and the son drove away. Since the police station is situated on the North side of East Browning Lane, the decedent was required to cross the street, and while crossing the street he was struck by a passing automobile and sustained injuries which caused his death.

130

The wife of decedent was his sole dependent. The deputy director found that decedent's death arose out of and in the course of his employment and made an award to his dependent.

Ordinarily, when an employee is on his way to his regular place of employment or is on his way home from his employment and is fatally injured such injury does not arise out of and in the course of his employment. *Morris v. Hermann Forwarding Co.*, 18 *N. J.* 195 (1955); *Moosebrugger v. Prospect Presbyterian Church*, 12 *N. J.* 212 (1953); *Gullo v. American Lead Pencil Co.*, 119 *N. J. L.* 484 (*E. & A.* 1938); *Gilroy v. Standard Oil Co.*, 107 *N. J. L.* 170 (*E. & A.* 1930). This is referred to as the "going and coming rule."

There have been drawn from that rule a number of exceptions. Where an employee found a front door of the building in which her employer was a tenant locked and, as was customary, attempted to enter through the back door, she was injured by falling on ice near the back door, *Cossari v. L. Stein & Co.*, 1 *N. J. Super.* 39 (*App. Div.* 1948); where claimant, an employee at a newsstand in a railroad station, had fallen while descending a stairway on the railroad's premises from the public street to the station floor and sustained injuries, *Cerria v. Union News Co.*, 31 *N. J. Super.* 369 (*App. Div.* 1954); where, preparatory to reporting for work, the car in which the employee came to work was parked in the employees' parking lot and he slipped and fell on an icy sidewalk while he was walking from the parking lot to the employees' entrance to the building, and this route was the only means of access from the lot to the building, *Lewis v. Walter Scott & Co., Inc.*, 50 *N. J. Super.* 283 (*App. Div.* 1958).

In *Cossari* the principal reason was that the claimant had left the public highway and was entering his employer's premises through a proper means of ingress so closely related to the place of employment that it may be deemed incidental thereto; in *Cerria* the same reason as in *Cossari*

was adopted; in *Lewis* the principal reason given for a distinction was the fact that the claimant had arrived at work once he entered the parking lot.

Another exception developed by our courts involved a school teacher who, in addition to her duties of teaching, was required to assume an extra-curricular activity and she chose the job as faculty advisor for the Junior Girls Reserve Club. One evening, after she left a party given by that group and was in her auto which was parked in a parking lot a half-block away from the location of the party, she was struck in the head by some unknown person who was hiding in the back of the car, *Bobertz v. Board of Education*, 134 *N. J. L.* 444 (*Sup. Ct.* 1946). This case was decided on the theory that claimant was on her way home after performing some special service or errand or the discharge of some duty incidental to the nature of her employment in the interest of or under direction of her employer.

The "special errand" theory was the reason given by the Workmen's Compensation Division for arriving at the present decision. The "special errand" theory is referred to by Dean Larson in 1 *Workmen's Compensation Law*, sec. 16.10, *p.* 224. The general statement made in Larson's text might be construed to make that doctrine applicable to the facts of this case. However, on examination the cases cited in the text are not apposite to the facts *sub judice*. In one case a salesman had been asked to return to the employer's store at night and unlock the door to admit an electrician who was to do some repair work. On his way home from this errand he received fatal injuries. *State Compensation Insurance Fund v. Industrial Accident Commission*, 89 *Cal. App.* 197, 264 *P.* 514 (*App. Ct.* 1928). The other case cited in the text, *Kyle v. Greene High School*, 208 *Iowa* 1037, 226 *N. W.* 71 (*Sup. Ct.* 1929), concerned a deceased janitor who usually worked from 5 A. M. to about 3:30 P. M. although his hours of work were not definitely fixed, and on the evening of his fatal accident he received a call at his home asking him to come to the school to turn on the lights for a basketball

game, since something seemed to be wrong with them. On his way he was struck by an auto. Compensation was awarded. Larson noted that although the duty performed was in one sense a normal one for the janitor, yet the essence of the service performed in the special journey was the making of the trip itself at a time when the janitor usually remained at home.

The journey made by the decedent in the case *sub judice* was not a special one in that it had been a course he followed from August 14, 1958 to September 9, 1958 when he sustained his fatal injuries. It would not appear therefore that the "special errand" theory is applicable.

 A case on appeal should not be reversed because the appellate court cannot agree with the reason given by the lower tribunal. If the case under consideration justifies affirmance for reasons other than given below, the lower decision should be affirmed.

 All the decisions referred to herein which explore the exception to the "going and coming" rule give reasons which do not seem to fit the facts of this case. It might be argued that *Bobertz, supra* [134 *N. J. L.* 444], expounds principles which might be apposite, but it must be admitted the facts are not the same. Principles in the abstract can become very complicated. No all embracing definition of the phrase "arising out of and in the course of the employment" has yet been framed, and every case involving this phrase should be decided upon its own peculiar facts and circumstances and not by reference to some formula. The Workmen's Compensation Law was not designed to establish a system of health or accident insurance, *Otto v. Independent School District,* 237 *Iowa* 991, 23 *N. W. 2d* 915 (*Sup. Ct.* 1946). In *Cossari, supra* [1 *N. J. Super.* 39], the court, in referring to *Gullo, supra,* noted that the latter decision was based on the fact that the claimant was injured on "a public highway on which the public in general had the paramount right of user"; in *Cerria, supra,* the court commented on the fact that the cases which adopt the "going and coming" rule rest that theory

on the fact that an employee seeks compensation for injuries sustained *on a public way*. In *Lewis, supra,* the court did not regard the *locus* of the injury as relevant, but in that case the court held the claimant was *at work* when injured.

It is concluded that the facts do not justify a finding of a compensable claim and the decision is, therefore, reversed.