In the Matter of the Claim of Rosalyn W. Toomey, Appellant, against New York State Legislature (Assembly) et al., Respondents. Workmen's Compensation Board, Respondent.

Third Department, December 23, 1955.

*Abraham Markhoff* for appellant.

*George J. Hayes, Bernard Katzen, William H. Stieglitz* and *Victor Fiddler* for New York State Legislature (Assembly) and another, respondents.

*Jacob K. Javits, Attorney-General,* for Workmen's Compensation Board, respondent.

Coon, J. A duly elected Assemblyman died of a heart attack in a hotel in Albany. His widow filed a claim for compensation under the Workmen's Compensation Law. Before passing on the other questions which might be involved, the compensation Referee has certified, under rule 12 of the Workmen's Compensation Board, as a novel question: " Is a duly elected Assemblyman of the State of New York in the employ of the State of New York within the meaning of Section 3, Group 16, of the Workmen's Compensation Law ? " The full board has unanimously answered the question " No." The claimant appeals to this court from that answer. Section 3 (subd. 1, Group 16) of the Workmen's Compensation Law, provides: " Group 16. Any employment by the state, notwithstanding the definitions of the terms ' employment,' ' employer ' or ' employee ' in subdivisions three, four and five of section two of this chapter." Formerly only certain designated workmen in the employ of the State were subject to the Workmen's Compensation Law. They were

included by special enactment, because formerly under the law, only a hazardous employment, operated for profit, was covered. The State was not operated for profit, and was not considered engaged in hazardous employment. The amendment of 1924 (L. 1924, ch. 658) quoted above, broadened the coverage of the Workmen's Compensation Law to include " any employment by the state ".

An Assemblyman is elected by the voters of an assembly district, pursuant to section 5 of article III of the Constitution of the State of New York. Section 6 of the same article provides for his salary. The salary is the single element of employment. He is not hired by the State. He cannot be discharged by the State. He is under no control by the State for his official acts. There is no contractual relation of employer and employee which was contemplated by the Legislature as " any employment by the State ". The conclusion seems inescapable that he is not an employee of the State in any sense of the word.

The latter part of the question certified — " within the meaning of Section 3, Group 16, of the Workmen's Compensation Law " — would seem to make the answer more positive. The principal purpose of the Workmen's Compensation Law was to relieve laborers and their families from the loss and expense resulting from the hazards of industrial or similar occupations.

We think the Legislature never intended to include all elected State officials as beneficiaries of a law intended for workmen. The construction placed upon a statute by the parties affected, and acquiesced in for a long period, is of great importance. (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 128.) The Workmen's Compensation Board asserts, without challenge, that no member of the Legislature has made a claim for any benefit under the Workmen's Compensation Law since it was enacted.

Both parties agree that there is no New York case on the subject. The case of *Rich* v. *Industrial Acc. Comm.* (36 Cal. App. 2d 628), allowed compensation to a State Senator. The only question litigated, however, was whether his injuries arose out of his office. It was admitted that he was covered by the California act, which reads entirely differently from the New York act in that it is expressly made applicable to " all *elected* and appointed paid public *officers* ". (Emphasis supplied.)

The board answered the question correctly, and its decision should be affirmed.

FOSTER, P. J., BERGAN, HALPERN and ZELLER, JJ., concur.

Decision affirmed, without costs.